UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHASE WILLIAMS and WILLIAM ZHANG, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>BLOCK.ONE, BRENDAN BLUMER, and DAN LARIMER,<br><br>Defendants. | Case No. 1:20-cv-02809-LAK<br><br>**JOINT STIPULATION AND ~~[PROPOSED]~~ ORDER REGARDING (1) SERVICE OF PROCESS, (2) THE FILING OF AN AMENDED COMPLAINT AND MOTION TO DISMISS BRIEFING SCHEDULE, AND (3) ADJOURNMENT OF THE INITIAL PRETRIAL CONFERENCE** |

Plaintiffs Chase Williams and William Zhang, individually and on behalf of all others similarly situated, and Defendants Block.One and Daniel Larimer (together, the "Stipulating Defendants") (together, the "Parties"), by and through their undersigned counsel, hereby stipulate as follows:

WHEREAS, on April 3, 2020, Plaintiffs filed a class action complaint against the defendants, Dkt. No. 1 (the "Initial Complaint"), bringing claims under Sections 5 and 12(a)(1) of the Securities Act of 1933 (the "Securities Act"), the New Jersey Uniform Securities Law, and the Texas Securities Act;

WHEREAS, the Private Securities Litigation Reform Act of 1995 (the "PSLRA") requires that plaintiffs bringing class action claims under the Securities Act publish a notice advising members of the putative class of the pendency of the action, and provides that any member of the putative class may move the court to serve as lead plaintiff of the putative class within 60 days after the notice is published (15 U.S.C. § 77z-1(a)(3)(A));

WHEREAS, the PSLRA provides for an automatic stay of discovery during the motion to dismiss process (15 U.S.C. § 77z-1(b)(3)(B));

WHEREAS, Plaintiffs aver that they published the PSLRA-mandated notice on April 8, 2020;

WHEREAS, the Stipulating Defendants have executed waivers of service of the summons and complaint, and Plaintiffs have filed those waivers in this action;

WHEREAS, Plaintiffs intend to file a motion for appointment as Lead Plaintiffs and approval of lead counsel;

WHEREAS, the Parties anticipate that the Court-appointed Lead Plaintiffs will file an amended class action complaint, and that the defendants will thereafter respond to the amended class action complaint; and

WHEREAS, the Parties have conferred on a proposed schedule for the filing of the amended class action complaint and the Stipulating Defendants' response, following the Court's appointment of Lead Plaintiffs and approval of lead counsel;

IT IS ACCORDINGLY STIPULATED, by and between the undersigned counsel for the Parties, subject to the Court's approval, as follows:

1.      The Stipulating Defendants shall have no obligation to answer, move against, or otherwise respond to the Initial Complaint unless otherwise ordered by the Court.

2.      Plaintiffs shall file their motion for appointment as Lead Plaintiffs and approval of class counsel by June 8, 2020.

3.    Lead Plaintiffs shall file an amended class action complaint within 45 days after the entry of the Court's order appointing Lead Plaintiffs and approving lead counsel.

4.    The Stipulating Defendants shall answer, move against, or otherwise respond to the amended class action complaint within 45 days after Lead Plaintiffs file the amended class action complaint.

5.    If the Stipulating Defendants move to dismiss the amended class action complaint, Lead Plaintiffs shall file any opposition to the motion to dismiss within 30 days after the filing of the motion, and the Stipulating Defendants shall file any reply within 30 days after the filing of the opposition to the motion to dismiss.

6.    The initial pre-trial conference in this action, although not yet scheduled, shall be adjourned *sine die* until after the Stipulating Defendants' motion to dismiss is decided, or if no such motion is filed, until after the Stipulating Defendants respond to the amended class action complaint.

7.    The Stipulating Defendants do not waive any rights, remedies or other relief that they may seek, including to challenge jurisdiction or venue.

8.    Nothing in this stipulation shall prejudice the right of any party to seek further extensions with the consent of the other parties or from the Court.

Date:  New York, NY
      June 7, 2020

Respectfully submitted,

s/ Philippe Z. Selendy
Philippe Z. Selendy
Jordan A. Goldstein
Joshua S. Margolin
Oscar Shine
SELENDY & GAY PLLC
1290 Sixth Avenue, 17th Floor
New York, NY 10104
pselendy@selendygay.com
jgoldstein@selendygay.com
jmargolin@selendygay.com
oshine@selendygay.com

Kyle W. Roche
Edward Normand
Velvel (Devin) Freedman
Joseph M. Delich
ROCHE CYRULNIK
    FREEDMAN LLP
99 Park Avenue, 19th Floor
New York, NY 10016
kyle@rcfllp.com
tnormand@rcfllp.com
vel@rcfllp.com
jdelich@rcfllp.com

*Attorneys for Plaintiffs*

s/ Brian E. Klein (by consent)
Brian E. Klein
Teresa L. Huggins
BAKER MARQUART LLP
777 S. Figueroa Street, Suite 2850
Los Angeles, CA 90017
bklein@bakermarquart.com
thuggins@bakermarquart.com

s/ Edmund Polubinski III (by consent)
Greg A. Andres
Edmund Polubinski III
Andrew S. Gehring
Gabriel Jaime-Bettan
DAVIS POLK & WARDWELL LLP
450 Lexington Avenue
New York, New York 10017
greg.andres@davispolk.com
edmund.polubinski@davispolk.com
andrew.gehring@davispolk.com
gabriel.jaime@davispolk.com

Neal A. Potischman
DAVIS POLK & WARDWELL LLP
1600 El Camino Real
Menlo Park, CA 94025
neal.potischman@davispolk.com

*Attorneys for Defendants Block.One
and Daniel Larimer*

SO ORDERED:

Dated: _____, 2020

Hon. Lewis A. Kaplan
United States District Judge