# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHASE WILLIAMS AND WILLIAM ZHANG, individually and on behalf of all others similarly situated,<br><br>     Plaintiffs,<br><br>  v.<br><br>BLOCK.ONE, BRENDAN BLUMER, and DANIEL LARIMER,<br><br>     Defendants. | Civ. No. 1:20-cv-2809-LAK<br><br><u>CLASS ACTION</u> |
| CRYPTO ASSETS OPPORTUNITY FUND LLC and JOHNNY HONG, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiffs,<br>  v.<br><br>BLOCK.ONE, BRENDAN BLUMER, DANIEL LARIMER, IAN GRIGG, and BROCK PIERCE,<br><br>     Defendants. | Civ. No.: 1:20-cv-3829-LAK<br><br><u>CLASS ACTION</u> |

**CRYPTO ASSETS OPPORTUNITY FUND LLC's MEMORANDUM OF LAW IN SUPPORT OF ITS *EX PARTE* MOTION FOR AN ENLARGEMENT OF TIME FOR SERVICE**

Crypto Assets Opportunity Fund, LLC ("CAOF" or "Plaintiff") respectfully submits this memorandum of law in support of its *Ex Parte* Motion for an Extension of Time for Service. This motion is made pursuant to Rules 4(m) and 6(b) of the Federal Rules of Civil Procedure. This is Plaintiff's first request for extension of time to serve the Unserved Defendants.

**I.      INTRODUCTION**

Plaintiff moves for an enlargement of time to serve the summons, civil cover sheet, and Complaint that it filed on May 18, 2020 (1:20-cv-3829, ECF No. 1) ("Complaint"), on three defendants in this action: Brendan Blumer, Ian Grigg and Brock Pierce (the "Unserved Defendants"). Pursuant to Rule 4(m), the time to serve Pierce, who resides in Puerto Rico, expires on August 17, 2020. Fed. R. Civ. P. 4(m). Despite Plaintiff's diligent efforts to serve Pierce at his home and at what Plaintiff believed was a valid business address, Plaintiff's process server was restricted from approaching Pierce's apartment due to COVID-19 quarantine provisions. Plaintiff thus requests a sixty-day extension of time to serve Pierce. This sixty-day extension period would expire on October 16, 2020.

Grigg and Blumer reside in Hong Kong, and service upon them is not subject to Rule 4(m). Rather, Rule 4(f), which governs service of individuals residing abroad, permits a more flexible approach in determining timeliness of service. Plaintiff recently initiated the expensive and potentially lengthy process for serving Grigg and Blumer after learning of its lead plaintiff appointment on August 4, 2020. Despite that Rule 4(m) does not apply to Grigg and Blumer, in an abundance of caution, Plaintiff requests an order from the Court stating that service will be permitted upon Grigg and Blumer if it is effected within six months, which time period would expire on February 27, 2021.

Plaintiff will be unduly prejudiced if it is not granted this extension of time to serve the Unserved Defendants. The Complaint that Plaintiff filed on May 18, 2020 asserts claims arising

under the Securities Act of 1933 based on underlying conduct, which occurred, in part, beginning in June 2020. The Securities Act carries a three-year statute of repose. 15 U.S.C. §§77m. Thus, even though Plaintiff is permitted to, and will, amend its complaint, Plaintiff bears a real risk of losing its claims against the Unserved Defendants if it is not granted an enlargement of time to serve the Complaint on them.

## II. FACTUAL BACKGROUND

On May 18, 2020, Plaintiff filed a class action complaint naming Block.one, Brendan Blumer, Daniel Larimer, Ian Grigg and Brock Pierce as Defendants. *Crypto Assets Opportunity Fund LLC v. Block.one, et* al, 1:20-cv-3829 (S.D.N.Y.) ECF No. 1. The Complaint alleges violations of the Securities Act of 1933 and the Securities and Exchange Act of 1934. Thus, the action has been stayed pending resolution of a lead plaintiff appointment process pursuant to the Private Securities Litigation Reform Act ("PSLRA"). On August 4, 2020, CAOF was appointed lead plaintiff, and Grant & Eisenhofer was appointed lead counsel, of the action. ECF No. 57.

Pierce and Blumer are co-founders of Block.one, and Blumer is its current Chief Executive Officer. Grigg is a former partner of Block.one, and was largely responsible for promoting the sale of the securities that are the subject of this action.

By stipulation dated June 8, 2020, counsel representing Block.One agreed on its behalf to waive service. *Crypto Assets Opportunity Fund LLC v. Block.One, et al.*, 1:20-cv-03829-UA (S.D.N.Y. June 8, 2020) ECF No. 18.[1] Personal service on Larimer was effected on May 20, 2020. *Id.* ECF No. 15. Plaintiff has not effected service on the Unserved Defendants.

---

[1] Prior to the time when this action was assigned to Your Honor, counsel for Larimer and Block.One and the undersigned counsel, also entered into a stipulation governing the time for Plaintiff to file its amended complaint, and for Larimer and Block.One to respond. *See Crypto Assets Opportunity Fund LLC v. Block.One, et al.*, 1:20-cv-03829-UA (S.D.N.Y. June 8, 2020) ECF No. 20. Counsel for Plaintiff also advised the Court of the stipulation by letter dated June 19, 2020. Although the *Crypto Assets* case was formally assigned to this Court on June 23, 2020,

Plaintiffs have made several attempts to serve Pierce in Puerto Rico. First, Plaintiff identified 250 Calle del Cristo, San Juan, Puerto Rico as Pierce's residence. *See* Moyna Dec. Ex. 1.[2] Plaintiff subsequently confirmed that this is Pierce's address through his 2020 Oklahoma Statement of Candidacy as an Independent Candidate for the President of the United States, which also provided a mailing address for Pierce's campaign. *Id.* Ex. 2. Next, Plaintiff engaged a process server in Puerto Rico – Covert Intelligence, LLC – to serve Pierce personally at his residence. The process server made three attempts at personal service of Pierce – one on June 12, 2020, one on June 15, 2020, and one on July 6, 2020. Moyna Decl. Ex. 3. Neither was successful because the process server was unable to access the second floor of the building, which is where Pierce's apartment is located. *Id.* Access to the residence was complicated because a restaurant that exists below the apartments was closed due to government mandates related to COVID-19. *Id.* After Plaintiff was appointed Lead Plaintiff, it again instructed the process server to attempt to serve Pierce personally at his residence and also at Pierce's campaign headquarters, which, based on Pierce's publicly filed campaign documents, Plaintiff believed was at 151 San Francisco Street, Suite 200, San Juan, PR 00901. Moyna Dec. Ex. 2. On August 17, 2020, the process server attempted service at Pierce's campaign headquarters and was unsuccessful. Moyna Dec. Ex. 4. Finally, Plaintiff also requested a waiver of service by U.S. mail on August 14, 2020, pursuant to Fed. R. Civ. P. 4(d). Moyna Decl. Ex. 5. The request for waiver was sent both to Pierce's personal

---

the scheduling stipulation was never so-ordered. Nevertheless, Plaintiff, Block.One and Larimer have agreed among themselves to abide by its terms with regard to the date on which Plaintiff must file its amended complaint, which is September 18, 2020 (*i.e.*, 45 days after this Court appointed a lead plaintiff), and the date on which Block.One and Larimer are required to respond, which is November 2, 2020 (*i.e.*, 45 days after the amended complaint is filed).

[2] Citations to "Moyna Dec. Ex.___" are to exhibits attached to the Declaration of Caitlin M. Moyna, dated August 17, 2020, and submitted in support of this motion.

3

residence, and also to the address Plaintiff believed was his campaign headquarters in Puerto Rico. Plaintiff awaits Defendant Pierce's response to the request for a waiver.

Because of the expense and complication involved with serving individuals abroad through the Hague Convention, and the fact that Plaintiff did not know whether it would be appointed lead plaintiff, Plaintiff did not immediately attempt to serve Defendants Blumer and Grigg at either their residences or their businesses in Hong Kong. However, once Plaintiff was appointed Lead Plaintiff, it engaged Total Global Credit & Risk Solutions, a process server in Hong Kong, to locate and serve these individuals personally. The process was initiated on August 14, 2020. Moyna Decl. Ex. 6. The process server has been able to identify an address for Blumer, but has found no trace of Grigg, thus Plaintiff instructed the process server to focus on Blumer, and to continue to search for an address for Grigg.

### III. STANDARDS FOR TIMELINESS OF SERVICE

Rule 4(m) of the Federal Rules of Civil Procedure requires service upon individuals residing in the United States within 90 days of filing the complaint. However, courts "must extend the time for service for an appropriate period" upon a showing of "good cause." Fed. R. Civ. P. 4(m).

Where Rule 4(m) does apply, "good cause" for failure to serve within ninety days exists "in exceptional circumstances where the failure to serve process in a timely manner results from circumstances beyond the plaintiff's control." *Cobalt Multifamily Inv'rs I, LLC v. Arden*, No. 06 CIV. 6172 KMW MHD, 2013 WL 5780810, at *2 (S.D.N.Y. Oct. 24, 2013); *see also In re Worldcom, Inc. Sec. Litig.*, No. 02 CIV. 3288 (DLC), 2006 WL 83371, at *1 (S.D.N.Y. Jan. 12, 2006). Courts typically "weigh the plaintiff's reasonable efforts and diligence against the prejudice to the defendant resulting from the delay." *DeLuca v. AccessIT Grp., Inc.*, 695 F. Supp. 2d 54, 66 (S.D.N.Y. 2010).

Even if the Court does not find that good cause exists, it may exercise its discretion to extend the time for service of the Complaint. *Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cie. 2007) (holding that district courts have discretion to grant extensions even in the absence of good cause"); *see also Ligon v. City of New York*, 2013 WL 3502127, at *2 (S.D.N.Y. July 12, 2013) (granting an extension of time for service, "[d]espite the absence of good cause").

Rule 4(m)'s time constraints on service do not pertain to service of individuals in a foreign country, which is governed by Rule 4(f). "[W]here service is in a foreign country, the Court uses a flexible due diligence standard to determine whether service of process is timely." *Standard Commercial Tobacco Co. v. Mediterranean Shipping Co., S.A.*, No. 94 CIV. 7040(PKL), 1995 WL 753901, at *1 (S.D.N.Y. Dec. 19, 1995); *Aqua Shield, Inc. v. Inter Pool Cover Team,* No. 05 CV 4880(CBA), 2007 WL 4326793, at *2 (E.D.N.Y. Dec. 7, 2007); *Sachsenberg v. IRSA Inversiones y Representaciones Sociedad Anonima*, 339 F. Supp. 3d 169, 174 (S.D.N.Y. 2018).

## IV. GOOD CAUSE EXISTS TO GRANT PLAINTIFF AN ENLARGEMENT OF TIME TO SERVE DEFENDANT BROCK PIERCE

Good cause exists to extend the time for Plaintiff to serve Pierce in this case. A "good cause" analysis "turns on the plaintiff's efforts to serve the defendant and whether the defendant will be prejudiced by a delay in service." *Ins. Co. of N. Am. V. M/V Greenland SAGA*, 1997 WL 2519, at *1 (S.D.N.Y. Jan. 2, 1997). Plaintiff satisfies both factors here.

Plaintiff was diligent in attempting to serve Pierce in Puerto Rico within the time allowed by Rule 4(m) for service, but ultimately was unsuccessful due to factors outside its control. The circumstances of the COVID 19 global pandemic made it impossible for Plaintiff's process server to enter the building where Pierce's residence is, as he had to enter through a commercial space, which was closed due to San Juan's lockdown to stop the spread of the coronavirus. Factors that

5

delay service such as this, which are outside a plaintiff's control, constitute good cause to extend the time for service.

Further, Pierce will not be prejudiced by a delay in service. This action is still in its earliest stages. Indeed, Plaintiff will amend its complaint on September 18, 2020, and Defendants will have until November 2, 2020 to answer the complaint or move to dismiss the allegations. Assuming Defendants move to dismiss, which Plaintiff anticipates, the PSLRA stay of the remainder of the litigation will remain in effect throughout the pendency of the Action. No discovery will occur until after the Court rules on the motion to dismiss. Further, Pierce will have the ability to make his own motion to dismiss, as to claims asserted against him, even if service is not effectuated prior to the date for Defendants Larimer and Block.One to answer.

Finally, a party can demonstrate its diligence by proactively moving pursuant to Fed. R. Civ. P. 6(b) for an enlargement of time to effect service, which Plaintiff has done here. *Cassano v. Altshuler*, 186 F. Supp. 3d 318, 322 (S.D.N.Y. 2016). Because Plaintiff has demonstrated the requisite diligence in attempting to serve Pierce, and because Pierce will not be prejudiced by service of the Complaint at this time, good cause exists to extend Plaintiff's time to serve Pierce.

## V. THIS COURT SHOULD EXERCISE ITS DISCRETION AND EXTEND THE TIME FOR SERVICE OF THE COMPLAINT

If the Court determines that Plaintiff has not established that good cause exists to extend the time to serve, it should exercise its discretion to extend the deadline for service on the Unserved Defendants. In determining whether to issue a discretionary extension, courts in the Second Circuit consider the following factors: "(1) whether any applicable statutes of limitations would bar the action once re-filed; (2) whether the defendant had actual notice of the claims asserted in the complaint; (3) whether the defendant attempted to conceal the defect in service; and (4) whether the defendant would be prejudiced by extending the plaintiff's time for service." *Cobalt*

*Multifamily Inv'rs I, LLC v. Arden*, No. 06-CV-6172 KMW MHD, 2014 WL 3798183, at *2 (S.D.N.Y. July 31, 2014); *see also Holbrook v. Trivago N.V.*, No. 17 CIV. 8348 (NRB), 2019 WL 948809, at *9–10 (S.D.N.Y. Feb. 26, 2019) (listing same factors). All relevant factors weigh in favor of this Court exercising its discretion to enlarge the period for service.

The first factor weighs in favor of extending Plaintiff's time for service. The Complaint alleges claims arising under the '33 Act, which is subject to a three-year statute of repose. 15 U.S.C. §§77m ("In no event shall any such action be brought to enforce a liability created under section 77k or 77l(a)(1) of this title more than three years after the security was bona fide offered to the public, or under section 77l(a)(2) of this title more than three years after the sale."). It is possible that Defendants will take the position that the '33 Act's repose period expired as to claims against Defendants Blumer, Grigg and Pierce under any amended Complaint that CAOF files. The statute of repose begins to run from the "bona fide" offer of securities in a '33 Act case. *Id.* Defendants may argue that the securities at issue in this action – EOS tokens – were "bona fide offered" to the public on June 5, 2017, when a "white paper" describing the securities and sale thereof was published. While Plaintiff does not agree that this position is tenable, if in fact this argument is ultimately successful, Plaintiff will be precluded from asserting any claims arising under the '33 Act against the Unserved Defendants.

The second factor also weighs in favor of extending Plaintiff's time for service because the Unserved Defendants had ample notice of the claims against them stemming from a variety of published sources. Pursuant to the PSLRA's mandate, Plaintiff published notice of its action and the claims against Defendants on the PR Newswire, a national wire service on the same day that it filed the Complaint. ECF No. 23-2.

In addition, several industry-specific publications reported extensively about the action, including that the Unserved Defendants were named in the Complaint. No fewer than ten articles appearing in nine different news outlets, including widely-read cryptocurrency websites such as the blockcrypto.com, coindesk.com, and bitsofblocks.io, reported news about the Complaint. Moyna Dec. Ex. 7 (collecting articles). *Coindesk.com*, for example, reported that CAOF "has accused Block.one, CEO Brendan Blume, CTO Dan Larimer, former Chief Strategy Officer Brock Pierce, and former partner Ian Grigg of . . . host[ing] an illegal securities sale." The article explains the counts against Defendants, including that they made "dozens of materially false and misleading statements." *Id.* at 8-10. Similarly, *Bits of Blocks* reported on May 21, 2020 that "[l]itigants are stepping up a block (sorry!) in the US, with a class action complaint being filed against Block.one, CEO Brendan Blumer, CTO Dan Larimer, former Chief Strategy Officer Brock Pierce and former Ian Grigg." *Id.* at 18. And the *USA Herald*, in its report about the Complaint, stated that "[t]he plaintiffs also named the blockchain software company's CEO Brendan Blumer, CEO Dan Larimer, former Chief Strategy Officer Brock Pierce, and former Partner Ian Grigg as defendants in the case." *Id.* at 19-21. The Unserved Defendants, therefore, have had abundant notice of the claims asserted against them in this action.

The third factor is inapplicable here. Finally, the fourth factor weighs in favor of extending Plaintiff's time for service because, as explained above, the Unserved Defendants will not be prejudiced by an extension of Plaintiff's time to serve the Complaint.

Also weighing in Plaintiff's favor is the fact that it did not know until August 4, 2020, that it would be serving as Lead Plaintiff. Courts have recognized that the PSLRA lead plaintiff appointment process provides a basis for them to exercise their discretion and extend the time to serve Defendants. Specifically, prior to lead plaintiff appointment, courts recognize that the

8

"uncertainty and delay inherent in the determination of lead plaintiff unfortunately diffuses responsibility, as no one party knows that it will have eventual responsibility for the class action until after certain procedural deadlines, like Rule 4(m)'s [90]-day period, have already passed." *In re Comverse Tech., Inc. Sec. Litig.*, 543 F. Supp. 2d 134, 147 (E.D.N.Y. 2008). This factor "weighs in favor of granting discretionary relief." Therefore, it is well within this Court's discretion to grant Plaintiff's request for an enlargement of time to serve the Unserved Defendants.

## VI. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court grant its motion in its entirety and enter an order as follows: (1) enlarging the time to serve Defendant Pierce until October 16, 2020; and (2) enlarging the time to serve Defendants Grigg and Blumer until February 17, 2020.

Dated: New York, New York  
August 17, 2020

Respectfully submitted,

 */s/ Daniel L. Berger*  
Jay W. Eisenhofer  
Daniel L. Berger  
Caitlin M. Moyna  
**GRANT & EISENHOFER P.A.**  
485 Lexington Avenue  
New York, NY 10017  
Tel.: (646) 722-8500  
Fax: (646) 722-8501  
Email: jeisenhofer@gelaw.com  
Email: dberger@gelaw.com  
Email: cmoyna@gelaw.com

*Lead Counsel for Plaintiffs and Counsel for Crypto Assets Opportunity Fund LLC*

J. Samuel Tenenbaum (*pro hac vice* motion pending)  
**BLUHM LEGAL CLINIC OF THE NORTHWESTERN PRITZKER SCHOOL OF LAW COMPLEX CIVIL LITIGATION AND INVESTOR PROTECTION CENTER**  
375 East Chicago Ave.  
Chicago, IL 60611  
Tel: (312) 503-4808  
Email: s-tenenbaum@law.northwestern.edu

*Counsel for Crypto Assets Opportunity Fund LLC*