UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHASE WILLIAMS and WILLIAM ZHANG, individually and on behalf of all others similarly situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BLOCK.ONE, BRENDAN BLUMER, and DANIEL LARIMER,<br><br>　　　　　　Defendants. | Civ. No. 1:20-cv-02809-LAK<br><br><u>CLASS ACTION</u> |
| CRYPTO ASSETS OPPORTUNITY FUND LLC and JOHNNY HONG, Individually and on Behalf of All Others Similarly Situated,<br><br>　　　　　　Plaintiffs,<br><br>　　v.<br><br>BLOCK.ONE, BRENDAN BLUMER, DANIEL LARIMER, IAN GRIGG, and BROCK PIERCE,<br><br>　　　　　　Defendants. | Civ. No. 1:20-cv-03829-LAK<br><br><u>CLASS ACTION</u> |

**NOTICE AND REQUEST FOR JUDICIAL NOTICE IN SUPPORT OF DEFENDANTS'
<u>MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that defendants Block.one, Daniel Larimer, and Brock Pierce hereby request that the Court take judicial notice of the following documents in support of their Motion to Dismiss the Amended Class Action Complaint in the above-captioned action.[1]

This request is based on this Notice, the supporting Memorandum of Points and Authorities, the Declaration of Edmund Polubinski III and annexed exhibits, all pleadings, other materials in the record, argument of counsel, and such other matters as the Court may consider.

## MEMORANDUM OF POINTS AND AUTHORITIES

Pursuant to Federal Rule of Evidence 201, the undersigned defendants respectfully request that the Court take judicial notice of each of the documents attached as Exhibits #1 through #22 to the Declaration of Edmund Polubinski III (the "Declaration") in support of Defendants' Motion to Dismiss the Amended Class Action Complaint (the "Motion"). These exhibits include documents that are incorporated by reference in the complaint and documents that were filed with other courts or adjudicatory bodies, as to which it is well-established that judicial notice is appropriate. They also include websites and other materials that are publicly available on the Internet, as to which the undersigned defendants seek to introduce the exhibits solely for the fact that they were in existence and were publicly available at the time, making it appropriate for the Court to likewise take judicial notice of those materials.

On a motion to dismiss, a court may consider items of which it can take judicial notice without converting the motion into one for summary judgment. *See, e.g.*, *Guzman v. Concavage*

---

[1] All exhibit references correspond to the exhibits attached to the supporting Declaration of Edmund Polubinski III in support of Defendants' Motion to Dismiss the Amended Class Action Complaint, filed concurrently herewith.

*Marine Construction Inc.*, 176 F. Supp. 3d 330, 333 (S.D.N.Y. 2016). Federal Rule of Evidence 201(b) permits the Court to take judicial notice of any fact that is not subject to reasonable dispute because it either "(1) is generally known within the trial court's territorial jurisdiction; or (2) can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned." Fed. R. Evid. 201(b). Among other things, it is well-established that the Court may take judicial notice of documents incorporated by reference in a complaint. *Guzman*, 176 F. Supp. 3d at 333. Likewise, it is also well-established that courts may take judicial notice of websites and other materials available on the Internet for the fact that those materials were in the public realm at the time. *See, e.g.*, *TechnoMarine SA v. Jacob Time, Inc.*, 2012 WL 2497276, at *1 n.1 (S.D.N.Y. June 22, 2012) ("The Court may take judicial notice of the fact that a publicly accessible website contains certain information."); *see also Muller-Paisner v. TIAA*, 289 F. App'x 461, 466 n.5 (2d Cir. 2008) (explaining that judicial notice "may be taken of [a] website for the fact of its publication"). Additionally, courts routinely take judicial notice of "storm warnings" to determine what information was publicly available at the time of an alleged violation of the securities laws. *See Staehr v. Hartford Fin. Servs. Grp.*, 547 F.3d 406, 425 (2d Cir. 2008); *Wu v. Bitfloor, Inc.*, 2020 U.S. Dist. LEXIS 86369, at *22-23 (S.D.N.Y. May 15, 2020). Finally, courts may take judicial notice of documents filed with other courts and adjudicatory bodies. *Terracciano v. McGarrity*, 2017 WL 2297013, at *3 (S.D.N.Y. May 24, 2017); *see also Finn v. Barney*, 471 F. App'x 30, 32 (2d Cir. 2012) (affirming grant of judicial notice regarding an SEC order).

All of the exhibits attached to the Declaration are subject to judicial notice. Exhibits #1-4, #6-8 and #11 are all incorporated by reference into the complaint and thus are subject to judicial notice. *See Guzman*, 176 F. Supp. 3d at 333. Exhibits #5, #9, #12-13, #15-16, and #19-

20 are webpages and documents published and publicly accessible on the Internet, and thus the Court may take judicial notice of the fact that that they "contain[] [the] information" reflected in them. *TechnoMarine*, 2012 WL 2497276, at *1 n.1. The undersigned defendants seek to introduce these exhibits solely for the fact that they were in existence and were publicly available, and not for the truth of the matters asserted therein. Exhibits #7, #10, #18, and #22 are SEC orders, and thus are also properly subject to judicial notice. *Finn*, 471 Fed. App'x at 32. Exhibits #14, #17, and #21 are complaints submitted before other courts, and thus are also properly subject to judicial notice. *Terracciano*, 2017 WL 2297013, at *3.

## **CONCLUSION**

For the foregoing reasons, the undersigned defendants respectfully request that the Court take judicial notice of Exhibits #1 – #22 to the Declaration of Edmund Polubinski III in support of Defendants' Motion to Dismiss the Amended Class Action Complaint.

Dated: November 2, 2020

| BAKER MARQUART LLP | DAVIS POLK & WARDWELL LLP |
|---|---|
| By: */s/ Brian E. Klein* <br>     Brian E. Klein <br>     Scott M. Malzahn <br>       (*pro hac vice* application pending) <br>     Teresa L. Huggins <br>     Jose R. Nuno <br>       (*pro hac vice* application forthcoming) <br>     777 S. Figueroa Street, Suite 2850 <br>     Los Angeles, CA  90017 <br>     Tel:   (424) 652-7800 <br>     Fax:  (424) 652-7850 <br>     Email:  bklein@bakermarquart.com <br>             smalzahn@bakermarquart.com <br>             thuggins@bakermarquart.com <br>             jnuno@bakermarquart.com | By: */s/ Edmund Polubinski III* <br>     Greg D. Andres <br>     Edmund Polubinski III <br>     Andrew S. Gehring <br>     Gabriel Jaime-Bettan <br>     Antonio M. Haynes <br>     450 Lexington Avenue <br>     New York, New York 10017 <br>     Tel:   (212) 450-4000 <br>     Fax:  (212) 701-5800 <br>     Email: greg.andres@davispolk.com <br>            edmund.polubinski@davispolk.com <br>            andrew.gehring@davispolk.com <br>            gabriel.jaime@davispolk.com <br>            antonio.haynes@davispolk.com <br><br> Neal A. Potischman <br> 1600 El Camino Real <br> Menlo Park, California 94025 <br> Tel:   (650) 752-2000 <br> Fax:  (650) 752-2111 <br> Email: neal.potischman@davispolk.com |

*Attorneys for Defendants Block.one, Daniel Larimer, and Brock Pierce*

## **CERTIFICATE OF SERVICE**

      I hereby certify that a true and correct copy of the above and foregoing document has been served on all counsel of record through the Court's ECF System on November 2, 2020.

                                             */s/ Edmund Polubinski III*
                                             Edmund Polubinski III