# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHASE WILLIAMS AND WILLIAM ZHANG, individually and on behalf of all others similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> BLOCK.ONE, BRENDAN BLUMER, and DANIEL LARIMER, <br><br> Defendants. | Civ. No. 1:20-cv-2809-LAK <br><br> <u>CLASS ACTION</u> |
| CRYPTO ASSETS OPPORTUNITY FUND LLC and JOHNNY HONG, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiffs, <br><br> v. <br><br> BLOCK.ONE, BRENDAN BLUMER, DANIEL LARIMER, IAN GRIGG, and BROCK PIERCE, <br><br> Defendants. | Civ. No.: 1:20-cv-3829-LAK <br><br> <u>CLASS ACTION</u> |

**CRYPTO ASSETS OPPORTUNITY FUND LLC's MEMORANDUM OF LAW IN SUPPORT OF ITS *EX PARTE* MOTION <u>FOR ALTERNATIVE SERVICE OF PROCESS</u>**

Crypto Assets Opportunity Fund, LLC ("CAOF" or "Plaintiff") respectfully submits this memorandum of law in support of its *Ex Parte* Motion for Alternate Service of Process, pursuant to Federal Rule of Civil Procedure 4(f), to effect service of the Summons and Amended Complaint ("Amended Complaint" or "AC") (ECF Nos. 66-67) on Defendant Brendan Blumer. CAOF requests that the Court (1) deem service on Defendant block.one's counsel as proper service on Blumer, (2) deem personal service upon Blumer's mother as proper service on Blumer, (3) deem service at Blumer's place of business as proper service on Blumer, (4) deem service via email and social media as proper service on Blumer, or (5) order any other alternative means of service as the Court deems just and proper in these circumstances.

## I. BACKGROUND

On May 18, 2020, CAOF filed a complaint naming block.one, Brendan Blumer, Daniel Larimer, Ian Grigg, and Brock Pierce as Defendants. *Crypto Assets Opportunity Fund LLC v. Block.one, et* al, 1:20-cv-3829 (S.D.N.Y.) (ECF No. 1) ("Complaint"). The Complaint alleges violations of the Securities Act of 1933 and the Securities and Exchange Act of 1934. Plaintiff filed an Amended Complaint on September 18, 2020 ("AC"), again alleging securities claims under the Securities and Exchange Acts and naming the same Defendants. (ECF No. 66.)

Pierce and Blumer are co-founders of block.one, and Blumer is its current Chief Executive Officer. AC ¶¶ 30, 33. Larimer is the former Chief Technology Officer of block.one and Grigg is a former partner of block.one who was largely responsible for promoting the sale of the securities that are the subject of this action.[1] AC ¶¶ 31-32. On April 6, 2020, this Court issued summonses to block.one, Brendan Blumer, and Dan Larimer. ECF Nos. 3-5. On May 19, 2020, this Court issued summonses to Brock Pierce and Ian Grigg. ECF Nos. 12-13.

---

[1] Larimer resigned from block.one on January 10, 2021. See Andrew Thurman, *Daniel Larimer, CTO of EOSIO Developers Block.one, Resigns*, CoinTelegraph.com (Jan. 10, 2021).

1

By stipulation dated June 8, 2020, counsel representing block.one agreed to waive service. ECF No. 18. Plaintiff effected personal service on Larimer on May 20, 2020, and on Pierce on September 14, 2020. *Id.* (ECF No. 15); 1:20-cv-02809-LK (S.D.N.Y. Sept. 18, 2020) (ECF No. 65). As of the date of this filing, Blumer has not yet been served in this action. Pursuant to this Court's order, the time to serve Blumer, who is a resident of Hong Kong, expires on February 17, 2021. ECF No. 64.

CAOF commissioned the Total Credit Management Services Hong Kong Limited ("Total Credit") to effect service on Brendan Blumer and Ian Grigg in August 2020. Declaration of Ievgeniia P. Vatrenko dated February 17, 2021 ("Vatrenko Declaration") ¶ 7. At that time, Total Credit located a business address for block.one and a residential address for Blumer. Vatrenko Declaration ¶ 8. Due to measures to curb the spread of the Covid-19 virus in effect in Hong Kong, however, CAOF anticipated difficulties effecting service at that time. *Id.* On Wednesday, February 10, 2021, Total Credit proceeded with attempting to serve Blumer with the summons and Amended Complaint ("Service papers"). Vatrenko Declaration ¶ 9. To that end, Total Credit process server visited block.one's Hong Kong office, 26/F, The Centrium, 60 Wyndham Street, Central, Hong Kong. *Id.* and Exhibit 7. Malissa Huang, a receptionist at block.one's office, informed the process server that she worked for Blumer, that Blumer was not in Hong Kong at the time, and that she did not know when he would return. *Id*. On February 10, 2021, Total Credit also attempted to serve the Service Papers at Blumer's registered residential address, 18A Shouson Hill Road, Hong Kong Island, Hong Kong. *Id.* The residence was unattended with no signs of persons on the premises on each of the process servers' multiple visits.

On Wednesday, February 17, 2021, the Total Credit process server again visited block.one's office in Hong Kong. Vatrenko Declaration ¶ 10 and Exhibit 8. The process server

spoke with block.one's receptionist Ms. Huang again, who informed him that Blumer was not available, and the process server handed the Service Papers to Malissa Huang who responded that she would deliver the documents to Blumer.  *Id.*  The process server then visited Blumer's residential address in Hong Kong, where he spoke with Mr. Gary Chan, Blumer's driver.  *Id.*  Mr. Chan explained that that Blumer was out of the country.  The process server handed Mr. Chan the Service Papers, and Mr. Chan said that he would deliver them to Blumer.  *Id*.

In a further attempt to serve Blumer, CAOF also commissioned a United States-based process server and identified a United States address associated with Blumer's mother in Cedar Rapids, Iowa. Vatrenko Declaration ¶ 11.  Blumer's mother is affiliated with block.one and sometimes assists with its paperwork. *Id.*  Plaintiff's process server spoke with Blumer's mother who said she did not know where Blumer was.  *Id.*  Plaintiff's process server met Blumer's mother at the Cedar Rapids, Iowa, address and handed her the Service Papers.  *Id.*  CAOF still has not been able to locate Blumer himself.

In the meantime, this action has received significant attention in the press, particularly in trade journals and popular crypto news outlets.  Vatrenko Declaration ¶ 5 and Exhibit 3.  This includes an article published as recently as November 11, 2020, on crowdfundinsider.com, which quotes Blumer extensively and which also mentions this lawsuit.  Additionally, Blumer inexplicably blocked one of CAOF's counsel, Ms. Vatrenko, from his Twitter account, which can only be explained by his knowledge of this lawsuit.  Vatrenko Declaration ¶ 6.

## II. LEGAL STANDARD FOR SERVICE OF PROCESS ON FOREIGN DEFENDANTS

Rule 4(f) of the Federal Rules of Civil Procedure provides that service may be effected upon individuals in foreign countries by any of three mechanisms: (1) "any internationally agreed means of service that is reasonably calculated to give notice;" (2) "by a method that is

3

reasonably calculated to give notice," for example, by "delivering a copy of the summons and of the complaint to the individual personally;" or (3) "by other means not prohibited by international agreement, as the court orders."  As detailed above, CAOF has already attempted service by the means available under subsections (1) and (2).

Subsection (3) of Fed. R. Civ. Proc. 4(f) permits the Court to allow service on a defendant in a foreign country by any "means not prohibited by international agreement."  This is "neither a last resort nor extraordinary relief.  It is merely one means among several which enables service of process on an international defendant.  The only limitations on Rule 4(f)(3) are that the means of service must be directed by the court and must not be prohibited by international agreement."  *Prediction Co. LLC v. Rajgarhia*, 2010 WL 1050307, at *1 (S.D.N.Y. Mar. 22, 2010); *Ehrenfeld v. Mahfouz*, 2005 WL 696769, at *2 (S.D.N.Y. Mar. 23, 2005).

Any court-ordered method of service under Rule 4(f)(3) must satisfy constitutional due process. *See Sulzer Mixpac AG v. Medenstar Indus. Co. Ltd.*, 312 F.R.D. 329, 330 (S.D.N.Y. 2015).  The means of service must be "reasonably calculated, under all circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections."  *Mullane v. Cent. Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950). "The decision whether to order service of process under Rule 4(f)(3) is committed to the sound discretion of the district court."  *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 278 (S.D.N.Y. 2013).

Courts in this district routinely permit electronic service through email and social media on foreign defendants pursuant to Rule 4(f)(3), including in cases involving cryptocurrencies. *See Paushok v. Ganbold*, 2020 WL 5559088, at *3 (S.D.N.Y. Sept. 17, 2020); *Hardin v. Tron Foundation*, 2020 WL 5236941, at *1 (S.D.N.Y. Sept. 1, 2020); *In re Bibox Grp. Holdings Ltd. Sec. Litig.*, 2020 WL 4586819, at *2 (S.D.N.Y. Aug. 10, 2020); *F.T.C. v. PCCare247 Inc.*, 2013 WL 841037 (S.D.N.Y. Mar. 7, 2013).  Electronic service must not be prohibited by international

law and must be reasonably calculated to provide notice to the defendant in accordance with constitutional due process. *See Bibox*, 2020 WL 4586819, at *2 (S.D.N.Y. Aug. 10, 2020).

### III. THE COURT SHOULD PERMIT ALTERNATIVE MEANS OF SERVICE

Alternative service on Blumer is appropriate here. Although a "plaintiff is not required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)," as detailed above, CAOF has already attempted service by the means available under subsections (1) and (2). *See Altos Hornos de Mexico, S.A.B. de C.V. v. Rock Res. Ltd.*, 2015 WL 6437384, at *2 (S.D.N.Y. Oct. 19, 2015) (noting that there is "no hierarchy among the provisions of 4(f)" and a plaintiff is "*not* required to attempt service through the other provisions of Rule 4(f) before the Court may order service pursuant to Rule 4(f)(3)"); *United States v. Besneli*, 2015 WL 4755533, at *1 (S.D.N.Y. Aug. 12, 2015) (same).

The proposed means of alternative service (on block.one's counsel, at block.one's registered office in Hong Kong, on Blumer's mother, and through email and social media) do not violate international law. *See infra* § III.B. Alternative service here also comports with due process because Blumer has reasonable notice of the pendency of this litigation, which has received significant attention in the press and in media that Blumer monitors. Further, Blumer is the co-founder and CEO of block.one, which has already appeared (along with two former executives) through counsel in this case. Finally, the Service Papers were delivered to Blumer's mother, who works for Blumer. Alternative service will simply allow this case to proceed.

#### A. CAOF Has Undertaken Extensive Efforts to Effect Service on Blumer

CAOF undertook prompt and extensive efforts to effect service on all individual Defendants in this case, but was only able to serve Larimer and Pierce. CAOF has initiated service on Blumer at potential addresses in Hong Kong and delivered the Service apers to an individual at the residence who identified himself as Blumer's driver. Although it is not a pre-

5

requisite for alternative service, CAOF has exhausted its efforts to serve Blumer and does not have other avenues for timely service. *See United States v. Besneli*, No. 15 Civ. 7339 (JFK), 2015 WL 4755533, at *1 (S.D.N.Y. Aug. 12, 2015) ("Exhaustion of other provisions of Rule 4(f) is not required before a plaintiff seeks court-ordered service.").

Courts in this Circuit routinely permit alternative service of process where, as here, defendants have eluded efforts at serving process, and waiting to effect service would cause unreasonable delays. *S.E.C. v. Nnebe*, No. 01 CIV. 5247 (KMW) (KNF), 2003 WL 402377, at *1, *3 (S.D.N.Y. Feb. 21, 2003) (permitting alternative service after investigation did not result in current address for defendant); *Kaneka Corp. v. Purestart Chem Enter. Co., Ltd.*, No. 16-CV-4861 (MKB) (SIL), 2017 WL 11509784, at *1, *3 (E.D.N.Y. Oct. 17, 2017) (permitting alternative service by email after plaintiff's investigator could not locate defendant); *In re Bibox Group Holdings Ltd. Sec. Litig.*, No. 1:20-cv-2807 (DLC), 2020 WL 4586819, at *3 (S.D.N.Y. Aug. 10, 2020) (holding that service of crypto-asset exchange and related parties by email, social media, and mail to the registered agent of one of the entity defendants "does not violate the Hague Convention or applicable international law ... [and] also comports with due process").

CAOF therefore seeks leave to effect service on Blumer pursuant to Rule 4(f) through the following alternative means:

(1)   **Block.one's Counsel in This Case**: Because Blumer is the co-founder and CEO of block.one, CAOF seeks to serve Blumer through counsel that represents both block.one and two of its former executives, individual defendants Pierce and Larimer, in this case.

(2)   **Block.one's Office in Hong Kong**: Because Blumer is the co-founder and CEO of block.one, CAOF seeks to serve Blumer by leaving the Service Papers with block.one's receptionist at the company's headquarters in Hong Kong, who stated that she would deliver the Service Papers to Blumer.

(3)   **Personal Service on Blumer's Mother**: CAOF seeks to serve Blumer through personal service on Blumer's mother in Cedar Rapids, Iowa.

(4)     **Company Email and Social Media**: CAOF seeks to serve Blumer through email addresses potentially affiliated with him, namely, brendan.blumer@block.one and brendan.blumer@gmail.com, as well as through his social media profiles on Twitter (@BrendanBlumer) and LinkedIn (Brendan Blumer, CEO at Block.one).

### B. International Law Does Not Prohibit the Proposed Alternative Service on Blumer

Hong Kong is a signatory to the Hague Convention (the "Convention"), which governs service of process abroad for its signatories. *Volkswagenwerk Aktiengesellschaft v. Schlunk* 486 U.S. 694, 698 (1988); *Denlinger v. Chinadotcom Corp.*, 110 Cal.App.4th 1396, 1398–1399 (Cal. App. 2003) (the Convention applies to service in Hong Kong). United States case law applying the Convention has established that all methods of service that comport with due process are permissible in signatory countries unless the country specifically objected to that method of service; whether the particular method is specifically mentioned in Article 10(a) of the Convention is inapposite. *See Sulzer Mixpac AG*, 312 F.R.D. 329 (S.D.N.Y. 2015) (permitting service by email in China because "China's objection to service by postal mail does not cover service by email" and service by email does not violate due process); *F.T.C. v. PCCare247 Inc.*, 12 Civ. 7189, 2013 WL 841037, at *3-4 (S.D.N.Y. March 7, 2013) (allowing service by email and Facebook on Indian Defendants because India only objected to the specific means of service outlined in the Hague Convention); *In re S. African Apartheid Litig.*, 643 F. Supp. 2d 423, 434 (S.D.N.Y. 2009) (permitting alternative service on German defendants because Germany only specifically objected to the means of service outlined in the Hague Convention). Hong Kong has not objected to Article 10(a) of the Hague Convention. *See Zhang v. Kon Ki Lo*, 2020 WL 2133163, at *7 (S.D.N.Y. May 5, 2020); *TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 630 (S.D. Fl. 2012) (collecting cases). CAOF's proposed means of service – at block.one's office address, through block.one's counsel in this case, through personal

service on Blumer's mother, and via Blumer's email and social media accounts – is not prohibited by international law because Hong Kong has not objected to these methods. *TracFone Wireless, Inc. v. Unlimited PCS Inc.*, 279 F.R.D. 626, 630 (S.D. Fl. 2012) (Hong Kong did not object to Article 10(a)) (collecting cases).

### C. The Proposed Alternative Methods of Service on Blumer Comport with Due Process

The proposed means of alternative service also comport with due process. Due process requires only that alternative service "be reasonably calculated, under the circumstances, to provide notice to interested parties of the pendency of the action and afford them an opportunity to present their objections." *In re Terrorist Attacks on Sept. 11, 2001*, 718 F. Supp. 2d 456, 490 (S.D.N.Y. 2010); *see also AMTO, LLC v. Bedford Asset Mgmt., LLC*, No. 14-CV- 9913, 2015 WL 3457452, at *4 (S.D.N.Y. June 1, 2015).

*First*, it is inconceivable that Blumer does not already have notice of this action because he is the CEO of block.one, which has appeared in this action through counsel. *Crypto Assets Opportunity Fund LLC v. Block.one, et* al, 1:20-cv-3829 (S.D.N.Y.) (ECF No. 19). The same counsel represents individual defendants Brock Pierce and Daniel Larimer, both of whom are former executives of block.one. *Id.* (ECF No. 19). In cases like this, "[c]ourts have sensibly held that service on a high-level employee's corporate employer, or counsel for that employer, is 'reasonably calculated' to apprise the employee of the pendency of the action and therefore comports with due process." *Stream SICAV v. Wang*, 989 F. Supp. 2d 264, 279 (S.D.N.Y. 2013); *Brown v. China Integrated Energy, Inc.,* 285 F.R.D. 560, 566 (C.D. Cal. 2012) (unserved officers' and directors' "close connection" with the corporation make it "all but certain" that directors served "will receive notice of the suit"). For the same reasons, given that block.one has already appeared in this action, Blumer plainly has notice of this litigation. *See GLG Life Tech.,*

8

287 F.R.D. at 267 ("[O]bviously a corporation will inform its own Chairman and Chief Executive Officer of a lawsuit pending against him.").

Blumer is also on notice of this litigation because it has been reported by both mainstream and crypto-focused news outlets. *See* Vatrenko Declaration ¶ 5 and Ex. 3. One news story contained both an interview with Blumer and mention of the lawsuit. *Id.* Blumer further demonstrated he is aware of this litigation when he blocked Ivgeniia P. Vatrenko, an attorney for CAOF in this action, on Twitter. Vatrenko Declaration ¶ 6 and Ex. 4. Ms. Vatrenko does not know Blumer personally and has never interacted with him. *Id.* Knowledge of this lawsuit is the only credible explanation for Blumer's decision to block Ms. Vatrenko from his Twitter account.

*Second*, personal service on Blumer's mother similarly comports with due process because, as discussed above, Blumer is likely to have actual notice of the action, and his mother is linked to Blumer by a "substantial nexus." *See United States v. Rodriguez*, 1993 WL 536592, at *2 (1st Cir. 1993) ("Where, as the court supportably found in the instant case, a defendant has received actual notice of an action, service of process requirements are to be "broadly interpreted," such that "[i]n cases where actual notice has been received, service on a person linked by a "substantial nexus" to the defendant has been held to meet the requirements."); *M. Lowenstein & Sons, Inc. v. Austin*, 430 F. Supp. 844 (S.D.N.Y. 1977) (holding that service on defendant's 21 year old daughter who was visiting from college was effective). This is particularly true in this case since Blumer's mother has done paperwork for Block.one and is herself connected with the company. *See* Vatrenko Declaration ¶ 11.

*Second*, CAOF requests that the Court deem service of process at Blumer's place of business, the corporate office of block.one in Hong Kong, as sufficient. See *Grayson v. Hsin*, 413 Fed. App'x 596, 598 (4th Cir. 2011) (holding that service of process was properly effected

where plaintiffs' professional process server delivered the summons to a personal of suitable age and discretion at defendant's place of business and that person informed him that defendant was out of the county and she did not know when he would return). The Service Papers were left with Blumer's assistant at his place of business, and she said she would deliver them to Blumer.

*Third*, CAOF also seeks leave to serve Blumer through his emails and social media accounts. Courts in this Circuit regularly find that service by email and social media comports with due process, particularly where, as here, it is not the only proposed form of alternative service. *See, e.g.*, *Oscilloscope Pictures, Inc. v. Monbo*, No. 17 CV 07458 (MKB) (ST), 2019 WL 2436296, at *2 (E.D.N.Y. Feb. 22, 2019) (Twitter); *FTC v. PCCare247*, 2013 WL 841037, at *6 (S.D.N.Y. Mar. 7, 2013) (Facebook); *see also Besneli*, 2015 WL 4755533, at *1 (email and publication). The propriety of this method is heightened by the fact that Blumer is the CEO of an internet-based company, block.one, with significant online social media presence on platforms like Twitter (https://twitter.com/BrendanBlumer, last visited February 16, 2021) and LinkedIn (https://linkedin.com/in/brendanblumer, last visited February 16, 2021), among others. Blumer is particularly active on Twitter, re-tweeting and posting multiple times just last week, with the most recent posts dating February 11, 2021. *See Bibox*, 2020 WL 4586819, at *2 (citing *Philip Morris USA Inc. v. Veles Ltd.*, 2007 WL 725412, at *3 (S.D.N.Y. Mar. 12, 2007)) ("Service through electronic methods such as email is more likely to provide notice where defendants are creatures of the internet who do business exclusively online."); *PCCare247*, 2013 WL 841037, at *6 ("Where defendants run an online business, communicate with customers via email, and advertise their business on their Facebook pages, service by email and Facebook together presents a means highly likely to reach defendants."). Service by social media is therefore reasonably calculated to reach Blumer and comports with due process.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court grant its motion to effect service by alternative means pursuant to Federal Rule of Civil Procedure 4(f) on Defendant Brendan Blumer.

Dated: New York, New York
February 17, 2021

Respectfully submitted,

*/s/Daniel L. Berger*
Daniel L. Berger
Caitlin M. Moyna
**GRANT & EISENHOFER P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelaw.com

Ievgeniia P. Vatrenko, Esq.
2 Northside Piers
Brooklyn, NY 11249
Tel: (718) 451-6384
Email: jenny@vatrenkoesq.com

J. Samuel Tenenbaum
**BLUHM LEGAL CLINIC OF THE NORTHWESTERN PRITZKER SCHOOL OF LAW COMPLEX CIVIL LITIGATION AND INVESTOR PROTECTION CENTER**
375 East Chicago Ave.
Chicago, IL 60611
Tel: (312) 503-4808
Email: s-tenenbaum@law.northwestern.edu

*Attorneys for Crypto Assets Opportunity Fund LLC*

11