**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHASE WILLIAMS AND WILLIAM ZHANG, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civ. No. 1:20-cv-2809-LAK |
| v. | <u>CLASS ACTION</u> |
| BLOCK.ONE, BRENDAN BLUMER, and DANIEL LARIMER, | |
| Defendants. | |
| CRYPTO ASSETS OPPORTUNITY FUND LLC and JOHNNY HONG, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civ. No.: 1:20-cv-3829 |
| v. | <u>CLASS ACTION</u> |
| BLOCK.ONE, BRENDAN BLUMER, DANIEL LARIMER, IAN GRIGG, and BROCK PIERCE, | |
| Defendants. | |

**LEAD PLAINTIFF'S NOTICE OF NON-OPPOSITION IN FURTHER SUPPORT OF (1) FINAL APPROVAL OF CLASS SETTLEMENT, (2) APPROVAL OF PLAN OF ALLOCATION, (3) AWARD OF ATTORNEYS' FEES AND EXPENSES, AND (4) LEAD PLAINTIFF AWARD PURSUANT TO 15 U.S.C. §78U-4(A)(4)**

Lead Plaintiff Crypto Assets Opportunity Fund, by and through Lead Counsel Grant & Eisenhofer P.A., respectfully submits this memorandum in support of Lead Plaintiff's motion for (i) final approval of class settlement, (ii) certification of the proposed class and the class representative and appointment of lead counsel as class counsel, and (iii) approval of the plan of allocation (ECF No. 118, "the "Final Approval Motion"), and in support of Lead Counsel's motion for (i) an award of attorneys' fees and expenses, and (ii) an award to Lead Plaintiff of costs and expenses pursuant to 15 U.S.C. §78u-4(a)(4) (ECF No. 122, the "Fee Motion") (together, the "Motions" and supporting documents (ECF Nos. 122-126).[1]

## I. PRELIMINARY STATEMENT

Pursuant to the Court's June 23, 2021 Providing for Notice and Certifying Class (ECF No. 115, the "Notice Order"), the Notice of Pendency and Proposed Settlement of Class Action ("Notice") as well as the Proof of Claim and Release ("Proof of Claim") (together, the "Notice Package") were disseminated to the Class by means of a media plan specifically designed to reach cryptocurrency investors and approved by the Court in the Notice Order, as well as a supplemental media plan initiated in September, 2021.[2] The media campaigns resulted in over 114,011 hits to the Settlement website by October 29, 2021.[3] In addition, the Summary Notice was published over *U.S, National Newsline*, and also transmitted over the *PRNewswire*.[4] Lead Plaintiff and Lead Counsel are pleased to report that the deadline for objections and exclusions has passed and there are ***no objections*** to the proposed Settlement, Plan of Allocation, the

---

[1] All capitalized terms not otherwise defined herein shall have the meanings set forth in the Amended Stipulation of Settlement (ECF No. 117-1).
[2] *See* Declaration of Joseph Mahan Regarding (a) Media Campaign and Claims Package Dissemination; (b) Publication of the Summary Notice; and (c) Report on Requests for Exclusion Received to Date (ECF No. 116, the "Mahan Decl."), ¶¶7-9.
[3] See Supplemental Declaration of Joseph Mahan Regarding Notice Dissemination and Requests for Exclusion Received to Date ("Supp. Mahan Decl."), ¶5, submitted herewith.
[4] Mahan Decl. ¶13.

requested award of attorneys' fees and expenses, or the Lead Plaintiff award or attorneys' fees requested pursuant to 15 U.S.C. §78u-4(a)(4). Nor were any requests for exclusion received.[5] These results are a testament to the fairness, adequacy, and reasonableness of the proposed Settlement, the proposed Plan of Allocation, Lead Counsel's fee and expense application, and the requested Lead Plaintiff award.

## II.   THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF THE SETTLEMENT AND PLAN OF ALLOCATION

As detailed in the Motions, the Settlement of this complex securities class action comes after more than a year of contentious litigation and protracted arm's-length settlement negotiations. Due to the complex and novel nature of this case, Lead Counsel was required to expend a significant amount of time and effort and retain multiple experts to best represent the interests of the Class. Through those extensive efforts, Lead Counsel secured a $27,500,000 all cash settlement, which represents a very favorable result for the Class.

The reaction of the Class to the Settlement is a key factor in weighing its adequacy. *In re Signet Jewelers Ltd. Sec. Litig.*, No. 1:16-CV-06728-CM-SDA, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) ("'[T]he favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry' into the fairness and adequacy of the Settlement.") *citing Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005); *In re Virtus Inv. Partners, Inc. Sec. Litig.*, No. 15CV1249, 2018 WL 6333657 (S.D.N.Y. Dec. 4, 2018), at *2 ("It is well settled that 'the reaction of the class to the settlement is perhaps the most significant factor to be weighed in considering its adequacy,'" and "the absence of objections by the class is extraordinarily positive and weighs in favor of settlement."); *In re Facebook, Inc., IPO Sec. & Derivative Litig.*, 343 F. Supp. 3d 394, 410

---

[5] Supp. Mahan Decl., ¶7.

(S.D.N.Y. 2018) ("The overwhelmingly positive reaction–or absence of a negative reaction–weighs strongly in favor of confirming the Proposed Settlement."), *aff'd sub nom. In re Facebook, Inc.*, 822 F. App'x 40 (2d Cir. 2020).

After an extensive Court-approved notice program, the Class's response to the Settlement and Plan of Allocation was overwhelmingly positive. Pursuant to the Notice Order, the Claims Administrator Epiq Class Action & Claims Solutions, Inc. ("Epiq") caused advertisements of the settlement to be run for a period of at least 31 days on various mainstream websites including Google Display Network, Facebook, Reddit, Twitter, and Telegram. Declaration of Joseph Mahan Regarding (A) Media Campaign and Claims Package Dissemination; (B) Publication of the Summary Notice; and (C) Report on Requests for Exclusion Received to Date (ECF No. 116) ("Mahan Decl."). The advertisements were targeted to various key words including: cryptocurrency, bitcoin, ethereum, coinbase, digital currency, and EOS. *Id*. In September, 2021, Epiq launched a supplemental media campaign incorporating data gleaned from the original campaign and targeting the three networks Epiq's publication team identified as having the highest response and click-thru rates thus far. *Id.* at ¶ 9. Copies of the Notice, Proof of Claim, Stipulation, and Notice Order were posted on a dedicated settlement website, which could be easily accessed via hyperlink from each web advertisement. *Id.* at ¶ 14. In addition, on July 15, 2021 the Summary Notice was published over U.S. National Newsline and transmitted via PRNewsire. *Id*. at ¶ 13.

The October 27, 2021 deadline for objecting to any aspect of the Settlement and the Plan of Allocation has passed and to counsel's knowledge, as of the date of this statement, ***not a single objection has been received to any aspect of the Settlement or Plan of Allocation***. Accordingly, the

reaction of the Class is significant evidence that the Class supports the Settlement and Plan of Allocation.

Strikingly, no requests for exclusion were received. Supp. Mahan Decl., ¶7. Settlements have been approved as fair, reasonable and adequate even in the face of exclusions; here, the fact that no Class Member has sought exclusion provides significant support for the Settlement. *Signet Jewelers*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (holding that "the small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate," where 11 requests for exclusion were received); *In re Merrill Lynch Tyco Rsch. Sec. Litig.*, 249 F.R.D. 124, 134 (S.D.N.Y. 2008) (holding that "the relatively small number of objections and requests for exclusion militate in favor of approving the settlement as fair, adequate, and reasonable," where twelve requests for exclusion were received); *In re Am. Bank Note Holographics, Inc.*, 127 F. Supp. 2d 418, 425 (S.D.N.Y. 2001) ("[O]nly five stockholders have sought exclusion from the proposed Settlement…The favorable reaction of the Classes is strong evidence that the Settlement is fair, reasonable, and adequate.").

### III. THE REACTION OF THE CLASS STRONGLY SUPPORTS APPROVAL OF LEAD COUNSEL'S REQUEST FOR AN AWARD OF ATTORNEYS' FEES AND EXPENSES AND THE REQUEST FOR LEAD PLAINTIFF AWARD PURSUANT TO 15 U.S.C. §78U-4(A)(4)

For their substantial efforts, Lead Counsel requests an award of attorneys' fees of 20% of the Settlement Amount and expenses of $156,507.04, which were reasonably incurred in the prosecution of the litigation. *See* Memorandum of Law in Support of Lead Plaintiff's Motion for Award of Attorneys' Fees and Expense and Award to Lead Plaintiff Pursuant to 15 U.S.C. § 76u-4(A)(4) (ECF No. 123) ("Fee Motion MOL") at 1. Lead Counsel's fee request is within the range of awards made in contingent fee matters of this type in this Circuit, as well as in numerous decisions throughout the country, and is the appropriate method of compensating counsel for the

favorable result they have achieved. Moreover, this fee request falls squarely within the mandate of the Private Securities Litigation Reform Act of 1995 ("PSLRA") that "a reasonable percentage of the amount" of damages and interest paid to the class be awarded to counsel. *See* 15 U.S.C. §78u- 4(a)(6). Further, Lead Plaintiff has approved the amount of the attorneys' fees requested, giving further validity to the reasonableness of the request. Fee Motion MOL at 11.

The Notice, which was posted on the Settlement website pursuant to the Notice Order, informed Class Members that Lead Counsel would request a fee not to exceed 25% of the Settlement Amount plus interest earned on that amount, as well as reimbursement of costs and expenses incurred in prosecuting the Action, providing Notice of Settlement, and administering the Settlement. Mahan Decl., ¶14; Notice at 4. The Fee Motion then confirmed that Lead Counsel was requesting a fee award of 20% (without interest earned on that amount), plus expenses of $156,507.04. Fee Motion MOL at 1. The absence of ***any objections*** to the requested fee or expense award weighs strongly in favor of approval. *See e.g.*, *In re Flag Telecom Holdings, Ltd. Sec. Litig.*, No. 02-CV-3400 CM PED, 2010 WL 4537550, at *29 (S.D.N.Y. Nov. 8, 2010) ("[N]umerous courts have noted that the lack of objection from members of the class is one of the most important factors in determining the reasonableness of a requested fee."); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) ( "That only one objection to the fee request was received is powerful evidence that the requested fee is fair and reasonable."); *In re Veeco Instruments Inc. Sec. Litig.*, No. 05 MDL 01695 (CM), 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (reaction of class members to fee and expense requests "'is entitled to great weight by the Court'" and absence of any objections "suggests that [a] fee request is fair and reasonable"); *Maley v. Del Glob. Techs. Corp.*, 186 F. Supp. 2d 358, 374 (S.D.N.Y. 2002) (same).

Similarly, the lack of any objection to Lead Plaintiff's request for an award pursuant to 15 U.S.C. §78u-4(a)(4), which was also disclosed in the Notice and the Fee Motion, supports approval of that request. *See, e.g.*, *Flag Telecom*, 2010 WL 4537550, at *31.

A [Proposed] Final Judgment and Order of Dismissal With Prejudice is submitted herewith. This proposed order has been reviewed and approved by Defendants' counsel.

## IV. CONCLUSION

For the reasons set forth herein and in the Motions, Lead Plaintiff respectfully submits that the Settlement is an excellent result for the Class, and the proposed Plan of Allocation is both fair and reasonable. Therefore, both should be approved as fair, reasonable and adequate. In addition, Lead Counsel's fee and expense request is reasonable under the circumstances and should be awarded in the amount requested. Lastly, Lead Plaintiff's request for an award pursuant to 15 U.S.C. §78u-4(a)(4) is also reasonable under the circumstances and should be awarded in the amount requested.

Dated: New York, New York
October 29, 2021

Respectfully submitted,

 /s/ Daniel L. Berger
Daniel L. Berger
Caitlin M. Moyna
**Grant & Eisenhofer P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelwa.com

*Lead Counsel for the Class and Counsel for Lead Plaintiff Crypto Assets Opportunity Fund, LLC*

Ievgeniia P. Vatrenko, Esq.
2 Northside Piers
Brooklyn, NY 11249
Tel.: (718) 451-6384
Email: jenny@vatrenkoesq.com

James Koutoulas
**Koutoulas Law LLC**
10 N. Dearborn
Chicago, IL 60604
Tel.: (312) 836-1180
Email: james@koutoulaslaw.com

J. Samuel Tenenbaum
**Bluhm Legal Clinic of the Northwestern Pritzker School of Law**
**Complex Civil Litigation and Investor Protection Center**
375 East Chicago Ave.
Chicago, IL 60611
Tel.: (312) 503-4808
Email: s-tenenbaum@law.northwestern.edu

*Additional Counsel for Crypto Assets Opportunity Fund LLC*