**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHASE WILLIAMS AND WILLIAM ZHANG, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civ. No. 1:20-cv-2809-LAK |
| v. | CLASS ACTION |
| BLOCK.ONE, BRENDAN BLUMER, and DANIEL LARIMER, | |
| Defendants. | |
| CRYPTO ASSETS OPPORTUNITY FUND LLC and JOHNNY HONG, individually and on behalf of all others similarly situated, | |
| Plaintiffs, | Civ. No.: 1:20-cv-3829-LAK |
| v. | CLASS ACTION |
| BLOCK.ONE, BRENDAN BLUMER, DANIEL LARIMER, IAN GRIGG, and BROCK PIERCE, | |
| Defendants. | |

**SUPPLEMENTAL MEMORANDUM IN RESPONSE TO THE COURT'S**
**MEMORANDUM AND ORDER DATED JUNE 12, 2024**

Lead Plaintiff Crypto Assets Opportunity Fund ("Lead Plaintiff"), by and through Lead Counsel[1] Grant & Eisenhofer P.A., respectfully submits this supplemental memorandum in response to the Court's Memorandum and Order entered on June 12, 2024 (ECF No. 209, the "Order") and in anticipation of the July 9, 2024 hearing (the "Hearing").[2]  In its Order, the Court scheduled the Hearing to determine "whether the Court should certify the proposed Class in view of the very small number of claimants—especially given the much larger number of opt-outs— and if so, on the fairness of the proposed settlement."   Order at p. 1.  For the reasons discussed herein, the Court should certify the proposed Class, which satisfies the numerosity requirement of Federal Rule of Civil Procedure 23, and grant the Renewed Final Approval Motion.

## BACKGROUND

On May 18, 2023, this Court entered an order (ECF No. 183, the "Notice Order") approving the notice program and finding, *inter alia*, that, pursuant to Rule 23(e)(1)(B)(ii) of the Federal Rules of Civil Procedure (the "Rules"), it would likely be able to certify the Class for purposes of the proposed Settlement.   Notice Order ¶ 6.  Since entry of the Notice Order, the claims administrator, Epiq Class Action & Claims Solutions, Inc. ("Epiq"), has received claim forms from two-hundred and ninety-seven (297) claimants.  *See* Renewed Final Approval Motion at p. 8.  Epiq also received requests for exclusion from an additional one-hundred and seventy-five (175)

---

[1] Capitalized terms used but not defined herein shall have the meanings set forth in the Amended Stipulation of Settlement.  ECF No. 180-1 ("Stipulation of Settlement").

[2] Lead Plaintiff also respectfully submits this supplemental memorandum in further support of Lead Plaintiff's Renewed Unopposed Motion for Certification of the Proposed Class; Final Approval of Class Action Settlement; Approval of Plan of Allocation; Award of Attorneys' Fees and Expenses; and Award to Lead Plaintiff filed on May 24, 2024 (ECF No. 207, the "Renewed Final Approval Motion").  This motion requests that that the Court (1) certify the Action to proceed as a class action on behalf of the proposed Class, and (2) give final approval to the proposed Settlement and Plan of Allocation of the Settlement Funds.

potential Class Members.  *See* ECF No. 198.  Thus, in response to the Notice and Notice program, at least four-hundred and seventy-two (472) potential Class Members surfaced.

Epiq has processed the two-hundred and ninety-seven (297) claims submitted in connection with the proposed Settlement.  After reviewing each claimant's documentation and working to cure deficiencies in the submissions, Epiq determined that seventy-eight (78) claims were from Class Members who are eligible to receive a distribution from the Settlement Fund ("Accepted Claims").  Epiq similarly determined that two-hundred and twenty-three (223) claims were not eligible for a variety of reasons ("Rejected Claims").  *See id.* at pp. 8-10.[3]  Two-hundred and ninety-seven (297) Class Members or potential Class Members unquestionably are sufficiently "numerous" to justify certifying a class.  At the very least, seventy-eight (78) claimants who demonstrated that they are Class Members satisfies Rule 23's numerosity requirement.  Lastly, the number of requests for exclusion from the Settlement is not relevant to whether the proposed Class meets the requirements of Rule 23.

## ARGUMENT

As discussed in detail in the Memorandum in Support of Lead Plaintiff's Motion for Certification of the Proposed Class; Final Approval of Class Action Settlement; and Approval of Plan of Allocation filed on July 25, 2023 (ECF No. 186, the "Final Approval Motion"),[4] the proposed Class satisfies the requirements set forth in Rule 23, including the numerosity requirement.

---

[3]  The total number of Accepted and Rejected Claims is three-hundred and one (301) (compared to 297 total claims submitted) because four (4) claims were accepted in part and denied in part. *See* ECF No. 198 at pp. 9-10.

[4] The Final Approval Motion was incorporated by reference in the Renewed Final Approval Motion.

The numerosity requirement is satisfied here.  "Under Rule 23(a), the class must be 'so numerous that joinder of all members is impracticable.'"  *Doe 1 v. JPMorgan Chase Bank, N.A.*, 2023 WL 3945773, at *2 (S.D.N.Y. June 12, 2023).  In the Second Circuit, there is a presumption that numerosity is satisfied when the proposed class contains 40 or more members.  *Id.* (citing *Consol. Rail Corp. v. Town of Hyde Park*, 47 F.3d 473, 483 (2d Cir. 1995)); *see also In re Worldcom, Inc. Sec. Litig.*, 219 F.R.D. 267, 279 (S.D.N.Y. 2003) (same).  The numerosity requirement, however, is not strictly mathematical.  *In re Namenda Direct Purchaser Antitrust Lit.*, 331 F. Supp. 3d 152, 202 (S.D.N.Y. 2018).  The court must also consider the following factors when determining whether the numerosity requirement has been satisfied:

> (1) judicial economy; (2) geographic dispersion of the proposed class members; (3) financial resources of the proposed class members; (4) the ability of proposed class members to file individual suits; (5) requests for relief that could affect future class members; (6) knowledge of the names and existence of potential class members; and (7) whether potential class members have already joined in other actions.

*Id*. (citing *Robidoux v. Celani*, 987 F. 2d 931, 935 (2d Cir. 1993)).

Here, the Class comprises, at a minimum, 472 persons: i.e., 297 purchasers of Block.one tokens who filed a claim, and 175 persons who opted out.  While there is no way to know, based on the information submitted, how many of the opt-outs would have qualified as Class Members, we know for certain as a result of the intensive and thorough claims administration process that there are at least seventy-eight (78) Class Members that have been identified through the intensive and thorough claims administration process.  This satisfies the numerosity requirement of Rule 23.  The *Namenda* factors also support a finding of numerosity, particularly where Epiq has already identified and vetted at least seventy-eight (78) Class Members who are spread across the world and whose disparate locations, and individual suits filed in those locations, would impose an unnecessary and substantial burden on the judicial system.

Separately, Courts in this Circuit have routinely held that classes smaller than the one here are sufficiently numerous for class certification. *See, e.g., Almonte v. Marina Ice Cream Corp.*, 2016 WL 7217258, at *2 (S.D.N.Y. Dec. 8, 2016) (numerosity satisfied with 34 class members); *Odom v. Hazen Transport, Inc.*, 275 F.R.D. 400, 407 (W.D.N.Y. 2011) (numerosity satisfied with 16 class members); *Town of New Castle v. Yonkers Contracting Co.,* 131 F.R.D. 38, 41 (S.D.N.Y. 1990) (numerosity satisfied with 36 class members); *Korn v. Franchard Corp.,* 456 F. 2d 1206, 1209-10 (2d Cir. 1972) (certifying class that may be limited to 70 investors); *Fidelis Corp. v. Litton Industries, Inc.*, 293 F. Supp. 164, 170 (S.D.N.Y. 1968) (certifying class of 35–70 individuals).

The Court also has questioned whether numerosity is satisfied in light of the number of requests for exclusion. But the number of requests for exclusion has no bearing on whether the *class* is sufficiently *numerous*. It is likely that at least some, but not all, of the requests for exclusion came from individuals who are members of the proposed class. Regardless of who submitted opt-out requests, however, numerosity is not determined in relation to requests for exclusion. *See Gortat v. Capala Bros., Inc.*, 2012 WL 1116495, at *2-3 (E.D.N.Y. April 3, 2012) (numerosity satisfied and decertification denied where, after accounting for 26 opt-outs, "the size of the potential class [was] 28 members"); *see also Hanzly v. Blue Cross of Western New York, Inc.*, 1988 WL 73914, at *2 fn. 3 (W.D.N.Y. July 11, 1988) (denying decertification with "unexpectedly large number of opt outs" because "the class may be smaller in number…but it remains in nature that which the plaintiffs proposed to represent."). Indeed, courts typically address Rule 23 certification requirements prior to the claims administration process and expiration of the opt-out period, further underscoring that the number of requests for exclusion has no bearing on whether numerosity is satisfied. *See e.g., Doe 1*, 2023 WL 3945773, at *2.

Further, over 90% of the opt-outs resulted from a solicitation to opt-out orchestrated by a group and a law firm. As explained in the accompanying Declaration of Daniel L. Berger ("Berger Decl."), of the one-hundred and seventy-five (175) requests for exclusion that Epiq received, one-hundred and fifty-eight (158) were solicited by, and submitted on form letters through, the EOS Network Foundation ("ENF"), a technology company that purports to specialize in the growth and development of the EOS Network. Berger Decl. ¶¶ 5, 10-11 and Exhibit 5 thereto; *see also* ECF Nos. 198 and 198-1. Specifically, on August 8, 2023, a few weeks prior to the August 30 claims filing deadline and August 29 exclusion deadline, the ENF publicly criticized the proposed Settlement as representing "a tiny fraction of the $4 billion" raised during Block.one's ICO. Berger Decl. ¶ 8. The ENF urged token purchasers to opt-out of the proposed Settlement to pursue an entirely speculative award in a potential future legal action organized by the ENF, Nemesis Venture Capital, and Pogust Goodhead that was supposed to be filed in the Cayman Islands. *Id*. ¶¶ 8, 9. To date, nearly one year after urging token purchasers to opt-out of the proposed Class in order to pursue a richer deal, neither the ENF nor any other entity has filed any lawsuit against, much less entered into a settlement with, Block.one – whether in the Cayman Islands or any other forum. *Id*. ¶ 13. Regardless, the 158 exclusions that resulted from ENF's efforts were not the product of unbiased, independent assessment of the Settlement. Notably, to our knowledge, ENF did not inform their targets that only Domestic Purchasers, as defined in the Settlement Agreement and Notice, would qualify to participate as claimants in the Settlement. Therefore, even if the number of requests for exclusion had any bearing on whether the class is sufficiently numerous (and it does not), the unique circumstances surrounding these particular requests for exclusion – done at the urging of a third-party – warrants that they be given scant consideration in evaluating both numerosity of the class and fairness of the Settlement.

## <u>CONCLUSION</u>

For the reasons stated herein, Lead Plaintiff respectfully requests that the Court grant the

Renewed Final Approval Motion.


Dated: New York, New York          Respectfully submitted,
     July 2, 2024

                                */s/  Daniel L. Berger*
                                Daniel L. Berger
                                Caitlin M. Moyna
Vincent J. Pontrello
**Grant & Eisenhofer P.A.**
485 Lexington Avenue
New York, NY 10017
Tel.: (646) 722-8500
Fax: (646) 722-8501
Email: dberger@gelaw.com
Email: cmoyna@gelwa.com
Email: vpontrello@gelaw.com

*Lead Counsel for the Class and Counsel for Lead Plaintiff Crypto Assets Opportunity Fund, LLC*

Ievgeniia P. Vatrenko, Esq.
2 Northside Piers
Brooklyn, NY 11249
Tel.: (718) 451-6384
Email: jenny@vatrenkoesq.com

James Koutoulas
**Koutoulas Law LLC**
10 N. Dearborn
Chicago, IL 60604
Tel.: (312) 836-1180
Email: james@koutoulaslaw.com

J. Samuel Tenenbaum
**Bluhm Legal Clinic of the Northwestern Pritzker School of Law**
**Complex Civil Litigation and Investor Protection Center**

375 East Chicago Ave.
Chicago, IL 60611
Tel.: (312) 503-4808
Email: s-tenenbaum@law.northwestern.edu

*Additional Counsel for Crypto Assets*
*Opportunity Fund LLC*