| | |
|---|---|
| UNITED STATES DISTRICT COURT<br>SOUTHERN DISTRICT OF NEW YORK | **NOT FOR PUBLICATION** |

------------------------------------------x
CHASE WILLIAMS, et al.,

                Plaintiffs,

      -against-                                  20-cv-2809 (LAK)

BLOCK.ONE, et al.,

                Defendants.
------------------------------------------x
CRYPTO ASSETS OPPORTUNITY FUND LLC, et al.,

                Plaintiffs,

      -against-                                  20-cv-3829 (LAK)

BLOCK.ONE, et al.,

                Defendants.
------------------------------------------x

> USDC SDNY
> DOCUMENT
> ELECTRONICALLY FILED
> DOC #: _____
> DATE FILED: 1/28/25

## MEMORANDUM AND ORDER

Appearances:

                    Daniel Lawrence Berger
                    GRANT & EISENHOFER P.A.
                    *Lead Counsel for Lead Plaintiff Crypto Assets*
                    *Opportunity Fund, LLC*

                    Ievgeniia Vatrenko

                    Jack Samuel Tenenbaum
                    NORTHWESTERN PRITZKER UNIVERSITY SCHOOL OF
                    LAW

James Koutoulas
KOUTOULAS LAW, LLC

*Attorneys for Plaintiff Crypto Assets Opportunity Fund LLC*

Greg Donald Andres
Edmund Polubinski III
Gabriel Jaime-Bettan
Neal Alan Potischman
DAVIS POLK & WARDWELL LLP

Brian Edward Klein
Scott M. Malzahn (*pro hac vice*)
Teresa L. Huggins
Jose R. Nuno (*pro hac vice*)
WAYMAKER LLP

*Attorneys for Defendants Block.one, Daniel Larimer, and Brock Pierce*

LEWIS A. KAPLAN, *District Judge.*

This is a securities class action against cryptocurrency company Block.one and its leaders for violation of multiple provisions of the Securities Act of 1933 and the Exchange Act of 1934.[1] On December 12, 2024, Lead Plaintiff moved to certify the proposed class and to grant final approval of an amended settlement agreement.[2] On the same day, Lead Plaintiff filed an Amended Motion for Award of Attorneys' Fees and Expenses seeking attorneys' fees in the amount equal to its lodestar as of November 30, 2024, and litigation expenses of $81,599.31.[3] On December 22,

---

[1] Dkt 66 ¶¶ 1, 234–294.

[2] Dkt 223.

[3] Dkt 228.

2024, the Court issued a Memorandum and Order directing Lead Plaintiff to provide additional information with respect to the activities of James Koutoulas and Ievgenia Vatrenko in support of the requested attorneys' fee award as to those attorneys.[4] On January 7, 2025, Mr. Koutoulas and Ms. Vatrenko submitted declarations in response to that order.[5] Familiarity with all prior proceedings is assumed.

### *Discussion*

I. *Attorneys' Fees*

Federal Rule of Civil Procedure 23(h) allows the Court to "award reasonable attorney's fees and nontaxable costs" in a certified class action. What is "reasonable" is left to the discretion of the Court, which is "intimately familiar with the nuances of the case."[6] In exercising that discretion, the Court acts as a fiduciary for the class, which it must protect from excessive awards.[7] Counsel bear the burden of establishing the reasonableness of their requested fee award.[8]

---

[4] Dkt 237.

[5] Dkt 238; Dkt 239.

[6] *In re Bolar Pharm. Co. Sec. Litig.*, 966 F.2d 731, 732 (2d Cir. 1992) (per curiam).

[7] *Cent. States Se. & Sw. Areas Health & Welfare Fund v. Merck-Medco Managed Care, L.L.C.*, 504 F.3d 229, 249 (2d Cir. 2007).

[8] *Cruz v. Local Union No. 3 of Int'l Bhd. Of Elc. Workers*, 34 F.3d 1148, 1160 (2d Cir. 1994).

The Court may evaluate the reasonableness of a fee request using either the percentage of the fund obtained for the class or the lodestar method.[9] The latter, which the Court employs here,[10] requires the Court to determine a reasonable lodestar amount. To do this, the Court first ascertains "the number of hours reasonably billed to the class" and then multiplies that figure by "an appropriate hourly rate."[11]

Counsel have submitted a proposed lodestar of $3,067,884.50 based on 4,218.75 hours of work said to have been performed by (1) Grant & Eisenhofer P.A., (2) Koutoulas Law, LLC, (3) Ievgeniia P. Vatrenko, Esq., and (4) Bluhm Legal Clinic of the Northwestern Pritzker School of Law.[12]

Grant & Eisenhofer, lead counsel in this litigation,[13] has submitted a proposed lodestar of $2,369,274.50 based on 3,187 hours of work.[14] It has provided the Court with information including (1) each timekeeper's hours and rates,[15] (2) the categories of work for which

---

[9] *See Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 121 (2d Cir. 2005).

[10] Initially, counsel requested that the Court use the percentage of the fund method. Dkt 189 at 2–4. In their Amended Motion for Attorneys' Fees and Expenses, counsel requested that the Court use the lodestar method instead. Dkt 229 at 4. The Court agrees that this method is appropriate here.

[11] *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000).

[12] Dkt 230-2.

[13] Dkt 57 at 6.

[14] Dkt 230-2.

[15] Dkt 191-1; Dkt 208-1; Dkt 230-1.

compensation is sought,[16] (3) professional biographical information for the individuals for whom compensation is sought,[17] and (4) market rates for similar professionals.[18] The Court finds that the number of hours for which Grant & Eisenhofer requests compensation is reasonable. The Court finds also that the hourly rates for the attorneys are appropriate, but that the hourly rates for paralegals are not. Courts in this district typically cap paralegal hourly rates at $150 to $200 per hour.[19] Accordingly, the Court will cap the paralegals' hourly rates at $200 per hour, which reduces the total cost charged for them from $81,772 to $56,340. With this reduction, the fee award to Grant & Eisenhofer is $2,343,842.50.

Koutloulas Law has submitted a proposed lodestar of $294,960 based on 368.7 hours of work.[20] The entire lodestar is attributable to its sole timekeeper, James Koutoulas. In his original submission, Mr. Koutoulas provided almost no supporting information. In his supplemental submission, Mr. Koutoulas provided (1) a log of his time entries for this case, (2) a paragraph about his role in this matter, (3) a chart reflecting the percentage of his time dedicated to and revenues derived from legal work, the percentage of revenues billed and collected on an hourly basis, and the

---

[16] Dkt. 191-1; Dkt 208 at 3; Dkt 230 at 3.

[17] Dkt 191-3.

[18] *Id.*

[19] *City of Westland Police & Fire Ret. Sys. v. MetLife, Inc.*, No. 12-cv-0256, 2021 WL 2453972, at *3 (S.D.N.Y. June 15, 2021); *see also Vista Outdoor Inc. v. Reeves Fam. Tr.*, No. 16-cv-5766, 2018 WL 3104631, at *7 (S.D.N.Y. May 24, 2018) (collecting cases).

[20] Dkt 192 at 5.

6

average hourly rate billed for each year from 2021 through 2024, and (4) information about his professional activities.[21]

Mr. Koutoulas's log accounts for 367.6 hours of work dedicated to this action.[22] The Court finds that this number of hours for which Mr. Koutoulas seeks compensation is reasonable, except that the 1.5 hours spent on "[m]otion fees declaration" is not compensable because it includes time advocating for attorneys' fees.[23]

Mr. Koutoulas has not provided information supporting his contention that $800 per hour is an appropriate rate for him given his experience and rates charged by comparable lawyers for reasonably comparable services. Over the past four years, on average, less than 10 percent of the compensation that Mr. Koutoulas has received for legal services has been billed and collected on an hourly basis.[24] The Court therefore gives little weight to Mr. Koutoulas's representation that $800 per hour is his ordinary rate. The lone data point Mr. Koutoulas offers in support of his proposed rate is the purported average rate for fifth-year associates at large New York law firms.[25] But by his own account, the services Mr. Koutoulas provided in this case — primarily, liaising with class

---

[21] Dkt 238.

[22] Dkt 238-1 at 6.

[23] *Donovan v. CSEA Local Union 1000, Am. Fed'n of State, Cnty. & Mun. Emps., AFL-CIO*, 784 F.2d 98, 106 (2d Cir. 1986) (noting that in common fund cases "the attorney seeking fees has a conflict with his clients" and an "award of 'fees for fees' further depletes the common fund").

[24] Dkt 238 at 2.

[25] *Id.* at 4.

members and meeting with co-counsel — do not resemble those provided by fifth-year associates at large New York law firms. The Court finds that a lower rate of $400 per hour for Mr. Koutoulas is reasonable. Accordingly, the fee award to Mr. Koutoulas is $146,440.

Ievgeniia P. Vatrenko has submitted a proposed lodestar of $323,750 based on 462.5 hours of work.[26] In her supplemental submission, Ms. Vatrenko supplied a log of time entries for this case accounting for her 462.5 hours of work.[27] However, some of this work is not compensable because it includes time advocating for attorneys' fees.[28] Accounting for this deduction,[29] the Court finds that compensating Ms. Vatrenko for 452.3 hours of work is appropriate. The Court finds also that Ms. Vatrenko's proposed rate of $700 per hour is reasonable based on the work for which she has charged similar or higher rates and the higher billing rate she charged while previously employed at a large New York law firm.[30] Accordingly, the fee award to Ms. Vatrenko is $316,610.

Bluhm Legal Clinic has submitted a proposed lodestar of $79,900 based on 200.55 hours of work.[31] It has provided the Court with information including (1) the hours and rates for the

---

[26] Dkt 193 at 8.

[27] Dkt 239-2.

[28] *Donovan*, 784 F.2d at 106.

[29] The Court has identified eight time entries totaling 10.2 hours that relate to seeking attorneys' fees. *See, e.g.,* Dkt 239-2 at 14 ("Prepared declaration in support of motion for attorneys' fees . . . .").

[30] *See* Dkt 239 at 3–4.

[31] Dkt 197 at 3.

Clinic's sole timekeeper, J. Samuel Tenenbaum,[32] (2) detailed records reflecting the work done for the case,[33] (3) information regarding the Clinic's activities,[34] and (4) biographical information for Mr. Tenenbaum.[35] Based on counsel's submissions, the Court finds that the number of hours for which Bluhm Legal Clinic requests compensation is reasonable. The Court finds also that Mr. Tenenbaum's hourly rate of $400 is appropriate. The fee award to Bluhm Legal Clinic is $79,900.

Courts using the lodestar method often perform a percentage cross-check as a means of ensuring that the lodestar award is not a windfall.[36] A percentage cross-check confirms the reasonableness of the aggregate fees awarded by this order. Based on the foregoing, the total fee award is $2,886,792.50, approximately 13 percent of the total $22 million common fund. However, due to the low number of submitted claims,[37] only $8,186,000 of the common fund will be distributed to claimants.[38] The fee award constitutes approximately 26 percent of the portion of the common

---

[32] *Id.* at 5–10.

[33] *Id.*

[34] *Id.* at 12.

[35] *Id.* at 14–18.

[36] *See, e.g., In re Stock Exchs. Options Trading Antitrust Litig.*, No. 99-cv-0962, 2006 WL 3498590, at *12 n.7 (S.D.N.Y. Dec. 4, 2006).

[37] *See* Dkt 217 at 2–3.

[38] Dkt 229 at 4.

fund going to claimants and attorneys' fees. Using either calculation, the percentage cross-check confirms the reasonableness of the fee award.[39]

## II.  *Expenses*

Counsel seek reimbursement for $81,599.31 in expenses.[40] The majority of expenses are attributable to covering expert costs and miscellaneous fees. The Court finds nothing objectionable and grants this request.

### *Conclusion*

Lead Plaintiff's amended motion for award of attorneys' fees and expenses (Dkt 228) is granted to the extent that Grant & Eisenhofer P.A. is awarded $2,343,842.50 in attorneys' fees and $81,599.31 in expenses, Koutoulas Law, LLC is awarded $146,440, Ievgeniia Vatrenko is awarded $316,610, and Bluhm Legal Clinic is awarded $79,900.

SO ORDERED.

Dated:  January 28, 2025

_____
Lewis A. Kaplan
United States District Judge

---

[39] *See* 5 Newberg and Rubenstein on Class Actions § 15:83 (6th ed. Nov. 2024 Update) ("[R]ecent empirical data on fee awards demonstrate that percentage awards in class actions are generally between 20–30%, with the average award hovering around 25% . . . .").

[40] Dkt 228 at 2.