IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHASE WILLIAMS AND WILLIAM ZHANG, individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>BLOCK.ONE, BRENDAN BLUMER, and DANIEL LARIMER,<br><br>                  Defendants. | Civ. No. 1:20-cv-2809-LAK<br><br>CLASS ACTION<br><br>USDC SDNY<br>DOCUMENT<br>ELECTRONICALLY FILED<br>DOC #: _____<br>DATE FILED: 1/28/25 |
| CRYPTO ASSETS OPPORTUNITY FUND LLC and JOHNNY HONG, Individually and on behalf of all others similarly situated,<br><br>                  Plaintiffs,<br><br>v.<br><br>BLOCK.ONE, BRENDAN BLUMER, DANIEL LARIMER, IAN GRIGG, and BROCK PIERCE,<br><br>                  Defendants. | Civ. No.: 1:20-cv-3829<br><br>CLASS ACTION |

[~~PROPOSED~~] ORDER APPROVING
DISTRIBUTION OF THE NET SETTLEMENT FUND

**WHEREAS**, pursuant to this Court's August 4, 2020 Order, two class actions complaints, separately filed under the following captions with the following case numbers *Williams, et al. v. Block.one, et al.*, Case No. 1:20-cv-2809 (S.D.N.Y.) and *Crypto Assets Opportunity Fund, et al. v. Block.one, et al.*, Case No. 1:20-cv-3829 (S.D.N.Y.), were consolidated as the above-captioned consolidated action ("Action") and are pending before this Court;

**WHEREAS**, on Jan. 27, 2025 this Court issued its Final Judgment and Order of Dismissal With Prejudice, granting final approval of the Settlement reached between the parties and directing the implementation of the parties' Amended Settlement Agreement, including the Amended Plan of Allocation to distribute the Net Settlement Fund (ECF No. __);

**WHEREAS**, Lead Plaintiff now requests an order from this Court to:

(i)   accept the administrative determinations by Epiq Class Action & Claims Solutions, Inc. (the "Claims Administrator") concerning the acceptance and rejection of claims submitted by putative Class members;

(ii)  authorize the Claims Administrator to deem timely certain claims filed after the Claims submission deadline;

(iii) bar any claims submitted after the Claims submission deadline, other than those listed on Exhibit A-1 to the Declaration of Joseph Mahan dated December 12, 2024;

(iv)  accept the Claims Administrator's calculations of Recognized Loss plus interest pursuant to 28 U.S.C. § 1961 ending on either December 26, 2023 or December 31, 2024 for Authorized Claimants in accordance with the Amended Plan of Allocation;

(v)     authorize distribution of the Net Settlement Fund to Authorized Claimants whose payments equal or exceed $10.00 on a *pro rata* basis based on the Authorized Claimants' Recognized Losses and accrued interest;

(vi)    approve payment of the Claims Administrator's fees and expenses in connection with conducting the initial distribution of the Net Settlement Fund;

(vii)   approve that, after initial distribution is complete, any remaining amount in the Net Settlement Fund may be donated equally, or in any other manner deemed appropriate by the Court, among the following non-profit charitable organizations: (1) Financial Beginnings; (2) The New York Bar Foundation; (3) National Consumer Law Center, Inc.; (4) Pursuit Transformation Company, Inc.; and (5) Howard University School of Law Investor Justice and Education Clinic;

(viii)  release any additional claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, or any person or entity involved with the administration and distribution of the Net Settlement Fund; and

(ix)    authorize the destruction of Proof of Claim forms and related documents within one year.

**WHEREAS**, having reviewed the motion Lead Plaintiff's Counsel filed requesting approval of the distribution of the Net Settlement Fund dated December 12, 2024, the Declaration of Daniel L. Berger dated December 12, 2024, and the Declaration of Joseph Mahan dated December 12, 2024 and exhibits thereto, this Court finds that there are sufficient and valid grounds to grant the relief requested,

NOW, THEREFORE, IT IS HEREBY **ORDERED and ADJUDGED** as follows:

1. The Claims Administrator has appropriately and correctly applied the Plan of Allocation to the Claims submitted by Class members. The Court accepts the Claims Administrator's administrative determinations concerning the acceptance and rejection of those Claims.

2. The Court authorizes the Claims Administrator to deem timely certain Claims filed after the Claims submission deadline and to deem the claimants who submitted these claims as Authorized Claimants (i.e., the Claims listed on Exhibit A-1 to the Mahan Declaration).

3. The Court bars any claims submitted after the Claims submission deadline, other than those listed on Exhibit C-1 to the Mahan Declaration.

4. The Court accepts the Claims Administrator's calculations of Recognized Loss plus interest pursuant to 28 U.S.C. § 1961 for Authorized Claimants in accordance with the Amended Plan of Allocation that was approved on Jan. 27, 2025 (ECF No. ___).

5. The Court authorizes interest payments pursuant to 28 U.S.C. § 1961 ending on December 31, 2024 for Authorized Claimants pursuant to the schedule set forth in Exhibit A-1 to the Mahan Declaration.

6. A payment in the amount of $109,575.16 from the Settlement Fund for the Claims Administrator's outstanding balance and estimates of its fees and expenses to be incurred in connection with the initial distribution of the Net Settlement Fund is hereby authorized. If the incurred fees and expenses for the initial distribution is lower than the estimate, the Claims Administrator shall promptly reimburse the Settlement Fund.

7. At such time as Lead Plaintiff's Counsel, in consultation with the Claims Administrator, determines that the initial distribution is complete, the Court authorizes any remaining amount may be donated equally among the following non-profit charitable

organization(s), which this Court has determined to be appropriate and relevant 501(c)(3) charities deserving of these funds, in accordance with its order dated November 13, 2024 (ECF No. 217): (1) Financial Beginnings; (2) The New York Bar Foundation; (3) National Consumer Law Center, Inc.; (4) Pursuit Transformation Company, Inc.; and (5) Howard University School of Law Investor Justice and Education Clinic.

8. The Court releases any additional claims against the Net Settlement Fund, Lead Plaintiff, Lead Counsel, or any person or entity involved with the administration and distribution of the Net Settlement Fund.

9. The Court authorizes destruction of Proof of Claim forms and related documents within one year.

10. The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other further relief as this Court deems appropriate.

IT IS SO ORDERED.

Dated: Jan. 27, 2025

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE