**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _12-/-25_

| | |
|---|---|
| CHASE WILLIAMS AND WILLIAM ZHANG, individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br><br>    v.<br><br>BLOCK.ONE, BRENDAN BLUMER, and DANIEL LARIMER,<br><br>          Defendants. | Civ. No. 1:20-cv-2809-LAK<br><br>CLASS ACTION |
| CRYPTO ASSETS OPPORTUNITY FUND LLC and JOHNNY HONG, Individually and on behalf of all others similarly situated,<br><br>          Plaintiffs,<br>    v.<br><br>BLOCK.ONE, BRENDAN BLUMER, DANIEL LARIMER, IAN GRIGG, and BROCK PIERCE,<br><br>          Defendants. | Civ. No.: 1:20-cv-3829<br><br>CLASS ACTION |

**[PROPOSED] ORDER GRANTING LEAD PLAINTIFF'S UNOPPOSED
MOTION TO AMEND THE DISTRIBUTION OF ORDER**

**WHEREAS**, on January 28, 2025, this Court issued its Final Judgment and Order of Dismissal with Prejudice, which granted final approval of the Settlement reached between the parties and directed the implementation of the parties' Amended Settlement Agreement, including the Amended Plan of Allocation to distribute the Net Settlement Fund (ECF No. 242);

**WHEREAS**, on January 28, 2025, this Court issued its Order Approving Distribution of the Net Settlement Fund, which (i) accepted the Claims Administrator's administrative determinations concerning the acceptance and rejection of Claims and calculations of Recognized Loss plus interest pursuant to 28 U.S.C. § 1961 for Authorized Claimants in accordance with the Amended Plan of Allocation; (ii) authorized interest payments pursuant to 28 U.S.C. § 1961 ending on December 31, 2024 for Authorized Claimants pursuant to the schedule set forth in Exhibit A-1 to the Mahan Declaration; (iii) authorized that, at such time that Lead Plaintiff's Counsel and the Claims Administrator determine that initial distribution is complete, any remaining amount may be donated equally among five enumerated non-profit charitable organizations determined by the Court to be appropriate and relevant 501(c)(3) charities; and (v) retained jurisdiction to consider any further applications concerning administration of the Settlement (ECF No. 241, the "Distribution Order");

**WHEREAS**, following entry of the Court's Distribution Order, the Claims Administrator determined that the five additional eligible claims identified in the Declaration of Nicholas Schmidt dated November 19, 2025 (the "Five Additional Eligible Claims") had been inadvertently rejected due to the Claims Administrator's administrative and processing errors;

**WHEREAS**, each of the Five Additional Eligible Claims was timely submitted, subsequently cured, and determined to be valid and eligible for payment under the Court-approved

Plan of Allocation, and the Claims Administrator has confirmed that all 297 submitted claims have been re-reviewed and that no other claimants were affected by these errors;

**WHEREAS**, sufficient funds remain in the Net Settlement Fund to pay the Five Additional Eligible Claims without reducing the recoveries of any previously approved claimant;

**WHEREAS**, Lead Plaintiff now requests an order from this Court to:

(i)     accept the administrative determinations by the Claims Administrator concerning the acceptance of the Five Additional Eligible Claims;

(ii)    accept the Claims Administrator's calculations of Recognized Loss plus interest pursuant to 28 U.S.C. § 1961 ending on December 31, 2024 for the Five Additional Eligible Claims as valid claims under the Settlement and Amended Plan of Allocation;

(iii)   amend the Distribution Order to include the Five Additional Eligible Claims;

(iv)    authorize the Claims Administrator to issue payments on the Five Additional Eligible Claims using the same *pro rata* methodology and post-judgment interest calculations set forth in the Distribution Order; and

(v)     approve that, after the distribution concerning the Five Additional Eligible Claims is complete, any remaining amount in the Net Settlement Fund may be donated equally, or in any other manner deemed appropriate by the Court, among the following non-profit charitable organizations: (1) Financial Beginnings; (2) The New York Bar Foundation; (3) National Consumer Law Center, Inc.; (4) Pursuit Transformation Company, Inc.; and (5) Howard University School of Law Investor Justice and Education Clinic.

3

**WHEREAS,** having reviewed the motion Lead Plaintiff's Counsel filed requesting amendment of the Distribution Order dated November 20, 2025, and the Declaration of Nicholas Schmidt dated November 19, 2025 and exhibits thereto, this Court finds that there are sufficient and valid grounds to grant the relief requested,

NOW, THEREFORE, IT IS HEREBY **ORDERED and ADJUDGED** as follows:

1.      The Court accepts the administrative determinations by the Claims Administrator concerning the acceptance of the Five Additional Eligible Claims identified in the Declaration of Nicholas Schmidt dated November 19, 2025.

2.      The Court accepts the Claims Administrator's calculations of Recognized Loss plus interest pursuant to 28 U.S.C. § 1961 ending on December 31, 2024 for the Five Additional Eligible Claims in accordance with the Amended Plan of Allocation that was approved on January 28, 2025. (ECF No. 241).

3.      The Court amends the Distribution Order that was granted on January 28, 2025 to include the Five Additional Eligible Claims.

4.      The Court authorizes the Claims Administrator to issue payments on the Five Additional Eligible Claims using the same *pro rata* methodology and post-judgment interest calculations set forth in the Distribution Order granted on January 28, 2025. Specifically, the Five Additional Eligible Claims are: (A) Claim No. 850000244 (allocated $1,019,019.33); (B) Claim No. 850000262 (allocated $33,223.47); (C) Claim No. 850000033 (allocated $778,652.48); (D) Claim No. 100000001 (allocated $23,417.39); and (E) Claim No. 850000029 (allocated $630.10).

5.      At such time as Lead Plaintiff's Counsel, in consultation with the Claims Administrator, determines that the distribution concerning the Five Additional Eligible Claims is complete, the Court authorizes any remaining amount may be donated equally among the

following non-profit charitable organizations, which this Court has determined to be appropriate and relevant 501(c)(3) charities deserving of these funds, in accordance with its order dated November 13, 2024 (ECF No. 217): (1) Financial Beginnings; (2) The New York Bar Foundation; (3) National Consumer Law Center, Inc.; (4) Pursuit Transformation Company, Inc.; and (5) Howard University School of Law Investor Justice and Education Clinic.

6.     The Court authorizes destruction of Proof of Claim forms and related documents within one year.

7.     The Court retains jurisdiction to consider any further applications concerning the administration of the Settlement, and such other further relief as this Court deems appropriate.

IT IS SO ORDERED.

Dated:_____/ˇ/ˌ_____, 2025

_____
THE HONORABLE LEWIS A. KAPLAN
UNITED STATES DISTRICT JUDGE